STATE BANK OF NEW SALEM, a Corporation, v. BISMARCK ELEVATOR & INVESTMENT COMPANY, a Corporation.

(153 N. W. 459.)

**Circumstantial evidence — civil and criminal actions — equally competent.**

1. Circumstantial evidence is equally competent in civil and criminal cases.

**Burden of proof — verdict — legal evidence to support — court — question of law for.**

2. Whether there is any legal evidence in the record, upon which a verdict for the party holding the burden of proof can be based, is a question of law to be determined by the court.

**Evidence — different conclusions — admitting of — question for jury.**

3. If there is such evidence as would cause reasonable men to draw different conclusions, the case should be submitted to the jury.

**Surmise or suspicion — insufficient — nothing for jury.**

4. But a mere surmise or suspicion will not require a submission to a jury, or sustain the refusal on the part of the trial court to grant a nonsuit, and take the case from the jury.

Opinion filed June 7, 1915.

Appeal from the District Court of Mercer County; *Crawford,* Special J.

Judgment for plaintiff. Defendant appeals.

Reversed and remanded.

*H. L. Berry,* for appellant.

When the nature of the evidence is such that no verdict for plaintiff can be found except upon mere conjecture, surmise, or suspicion, the

Note.—The subject of granting compulsory nonsuits is historically traced and set forth in note in 24 Am. Dec. 620, and this case is in accord with the trend of modern decisions.

court should grant a motion for verdict for the defendant. Scherer v. Schlaberg, 18 N. D. 421, 24 L.R.A.(N.S.) 520, 122 N. W. 1000.

A mere scintilla of evidence is not sufficient to warrant submitting case to jury. Ibid.; 1 Jones, Ev. p. 907, and cases cited in note 51.

Courts are no longer required to submit cases to juries merely because some evidence has been offered by the party having the burden of proof, unless such evidence be of such a character as to cause reasonable men to draw different conclusions. Linkauf v. Lombard, 137 N. Y. 417, 20 L.R.A. 48, 33 Am. St. Rep. 743, 33 N. E. 472.

It is proper for the court to take the case away from the jury when the evidence is so loose, inconclusive, and speculative that it does not establish the facts required of the party having the burden of proof, without indulging in mere conjecture or speculation. 1 Jones, Ev. p. 908, and cases cited in note 54; Spring Garden Mut. Ins. Co. v. Evans, 9 Md. 1, 66 Am. Dec. 308.

The charge in this case imputes a crime. The strongest presumption in law is "that a person is innocent of crime or wrong." Rev. Codes 1905, § 7317, Comp. Laws 1913, § 7936; Sprague v. Dodge, 95 Am. Dec. 528, note; Conroy v. Pittsburgh Times, 139 Pa. 334, 11 L.R.A. 725, 23 Am. St. Rep. 188, 21 Atl. 154; 2 Jones, Ev. pp. 144, 145; Cameron v. Great Northern R. Co. 8 N. D. 124, 77 N. W. 1016, 5 Am. Neg. Rep. 454; Bowman v. Eppinger, 1 N. D. 21, 44 N. W. 1000.

*Geo. I. Reimestad* and *Thorstein Hyland,* for respondent.

It is not necessary that evidence be *direct,* in order to be sufficient; it may be circumstantial. Positive or direct testimony is not required where the circumstances adduced will support an inference of the truth of the matter alleged. Underwood v. Atlantic Elevator Co. 6 N. D. 274, 69 N. W. 185; Jones, Ev. ¶ 6, p. 5, and cases cited; Peters v. Lohr, 24 S. D. 605, 124 N. W. 853, 38 Cyc. 2080, 2084, and cases cited.

It will be presumed that evidence in possession of a party, and which he fails to produce, is unfavorable to such party, and secondary evidence may be introduced. Jones, Ev. p. 21, and cases cited.

Any evidence of any fact which relates to the property in question, as to identity, description, quantity, or other material matter, is admis-

sible in conversion cases. Rev. Codes 1913, § 7909; Schmidt v. Scanlan, 32 S. D. 608, 144 N. W. 128; 38 Cyc. 2080.

In order to constitute reversible error, it is necessary for the appellant to show that there has been prejudice. Madson v. Rutten, 16 N. D. 282, 13 L.R.A.(N.S.) 554, 113 N. W. 872; Kinney v. Brotherhood of American Yeomen, 15 N. D. 21, 106 N. W. 44; Underwood v. Atlantic Elevator Co. 6 N. D. 274, 69 N. W. 185.

CHRISTIANSON, J. This is an action in conversion. Plaintiff sues to recover the value of certain wheat grown during the year 1912, on certain lands in Mercer county, covered by a crop mortgage executed to the plaintiff by one Ankarberg on October 30th, 1911. The complaint is in the usual form, and alleges that Ankarberg raised a large amount of grain upon the land described in the mortgage during 1912, and that the defendant on or about October 9th, 1912, wrongfully appropriated and converted this grain to its own use. The answer puts in issue all the allegations of the complaint.

The evidence shows that the plaintiff had a mortgage securing an indebtedness of $400 on the crops grown during the year 1912, on the northwest quarter of section 30, township 144, range 84, in Mercer county, of which indebtedness only $132.01 had been paid. In September, 1912, 776 bushels of wheat were threshed on this land. There were two grain markets which could be reached by going in an easterly direction from the land, namely, Deapolis and Fort Clark. The defendant owned and operated the elevator at Deapolis in the fall of 1912. A witness for the plaintiff testified that in September, 1912, he saw Ankarberg load one or two loads of grain on this land, and haul the same in an easterly direction over the road which would lead either to Deapolis or Fort Clark, but he disclaims any knowledge as to whether the grain was hauled to one place or the other.

One Thue, who operates a store at Deapolis, was called as a witness for the plaintiff, and testified that during the fall of 1912 he saw Ankarberg haul some grain to Deapolis; where such grain came from or what it consisted of, he does not say, and of this fact apparently he has no knowledge. Thue also testified that he cashed certain grain checks given to Ankarberg by the defendant company, aggregating in all $234.50. He further states that he cannot say what kind of grain

these tickets were given for. There is no evidence to show whether or not Ankarberg farmed other lands, or raised other grain that year, —except that it does appear that he had some flax grown on some other land. There is, however, absolutely no evidence showing that Ankarberg hauled or delivered 1 bushel of grain grown on the premises in question, to the defendant. The only evidence on which plaintiff relies to establish the fact of such delivery and the conversion of the wheat by the defendant is the testimony of one witness to the effect that he.saw Ankarberg haul one or two loads in an easterly direction toward Deapolis or Fort Clark, and the testimony of Thue as to the cashing of certain checks. At the close of the plaintiff's case, defendant moved for a dismissal of the action on the grounds, among others, that plaintiff had failed to prove the allegations of its complaint or establish any cause of action against the defendant. This motion was also renewed at the close of all the testimony. Both motions were denied, and exceptions saved to such rulings. The cause was submitted to the jury, which returned a verdict in favor of the plaintiff for $210. Judgment was entered pursuant to the verdict, and the appeal is taken from the judgment.

While numerous errors are assigned, we deem it necessary to consider only one, namely, the denial of the motions to dismiss. It is conceded that there is no direct evidence in this case of the conversion by the defendant. But plaintiff's counsel asserts that this can be established by circumstantial evidence. It is true, as asserted by plaintiff's counsel, that circumstantial evidence is equally competent in civil and criminal cases, and that the facts essential to establish plaintiff's case need not necessarily be proven by direct testimony, but may be established by circumstantial evidence.

This, however, does not mean that the jury might resort to conjecture or surmise, or be permitted to fancy or imagine situations and circumstances which did not appear in evidence. It only means that the jury were to consider the facts and circumstances proven, and make such just and reasonable inferences therefrom as the guarded judgment of reasonable men would ordinarily make under like circumstances; and that they might find any fact proven which they believed might rightfully and reasonably be inferred from the evidence in the case. But such inferences should be the logical and natural result

drawn from the evidence by probable deduction. The plaintiff had the burden of showing by competent evidence that the defendant had converted the wheat on which plaintiff had a mortgage, and the value of the wheat so converted. The evidence in this case fails to prove such conversion. At the best it only creates a suspicion that such conversion took place. This is not sufficient. A verdict cannot be based upon mere conjecture or suspicion.

In the case of Scherer v. Schlaberg, 18 N. D. 421, 24 L.R.A.(N.S.) 520, 122 N. W. 1000, this court said: "When the nature of the evidence in an action for damages is such that no verdict for the plaintiff can be returned except based upon mere conjecture, surmise, or speculation, it is proper for the trial court to direct a verdict for the defendant." In Jones, Commentaries on Evidence, § 174, vol. 1, p. 906, this proposition is discussed in the following language: "It is also in the province of the judge to determine whether there is *sufficient evidence* in the case to warrant its submission to the jury. If there is such evidence as would cause reasonable men to draw different conclusions, the case should be submitted to the jury. But a mere *scintilla of evidence* or mere surmise will not sustain a refusal on the part of the judge to take the case from the jury and to grant a nonsuit. The recent decisions have extended the province of the judge in such cases and have completely exploded the old doctrine by which a judge was compelled to submit the case to the jury if there was a scintilla of evidence to support the claim of the plaintiff. In place of the old rule has come the more reasonable one, that in every case there is a preliminary question for the judge, whether there is evidence upon which the jury may properly proceed to find a verdict. When the evidence with all the inferences that the jury can justifiably draw from it is insufficient to support a verdict for the plaintiff, it is the duty of the court to take the case from the jury and to direct a verdict or grant a nonsuit as the facts of the case may warrant. It is proper for the court to so instruct the jury when the evidence has been too loose and inconclusive to establish the facts sought to be proved without indulging in mere conjecture or speculation."

We are satisfied that the evidence was insufficient to establish the plaintiff's cause of action. Hence, it was error to deny the motions to dismiss. The error in denying the motion to dismiss at the close of

plaintiff's case was of course cured by defendant's subsequent introduction of testimony. Bowman v. Eppinger, 1 N. D. 21, 4 N. W. 1000. But the error assigned in denying the motion to dismiss at the close of all the testimony is well taken. The judgment is reversed, and a new trial ordered.