THE AMERICAN COAL BRIQUETTING COMPANY, Respondent, v. MINNEAPOLIS, ST. PAUL, & S. STE. MARIE RAILWAY COMPANY, Appellant.

(170 N. W. 568.)

**Damages — value — evidence.**
   In the instant case it is *held* that there is no competent evidence of value.

Opinion filed Novmeber 30, 1918.   Petition for Rehearing denied January 8, 1919.

Appeal from the District Court of Ward County, North Dakota, *Leighton,* J.

Defendant appeals.

Reversed.

*John E. Greene* and *John L. Erdall* (*Alfred H. Bright,* of counsel), for appellant.

*E. R. Sinkler* and *M. O. Eide,* for respondent.

Robinson, J.   The complaint avers that in April, 1915, the plaintiff owned certain buildings and property on section 12-160-80, of the value of $7,000.   That in operating its line of road which runs northwest from Minot, defendant by its locomotive engine started a prairie fire on going up the hill from Kenmare, and that the fire extended to and burned up the property.   The answer is a general denial.

As appears from the map, section 12 is 4 miles east and 2 miles north from Kenmare, and it is 5 or 6 miles from any point on the railroad.   The jury found a verdict for $1,700.   The appeal presents two questions:   (1) Does the testimony fairly show that the locomotive set the fire?   (2) Was the property of any special value?

Though it is very doubtful, it may be conceded that in regard to the setting of the fire there was evidence sufficient for the jury, and though there is some reckless testimony, there is really no evidence that the property had any real value at the time of the fire.   *It had been so long abandoned the presumption is that it was of no value.*   The property consisted mainly of temporary frame buildings which had

been constructed in 1902, and they had been used about four or five years in the operation of a coal mine, and for ten years the mine and the buildings had lain vacant and abandoned; and of course during such time the property had rapidly depreciated in value and had come to wreck and ruin. The grass and weeds had grown up from year to year so as to almost cover the buildings. The property had been completely abandoned and left without the least care or protection. It was not even thought of sufficient value to make it worth while to protect it by plowing a fire break around it. There is some testimony in regard to the cost price of the property and considerable reckless testimony, but no evidence in regard to the value of the property at the time of the burning. *There is nothing to show the possibility of making an honest dollar from the renting of the property, the use of it, or the wrecking of it, or the sale of it.* When the mine played out and ceased to pay operating expenses, the mining property lost its value and it was abandoned and allowed to go to wreck and ruin.

The value of the property depends, not on its cost, but on its utility or productiveness. The walls of Londonderry, the pyramids of Egypt, the walls of China, have ceased to be of any value. The same is true of thousands of buildings and mining properties that were once valuable. Doubtless, ten years prior to the fire, the property in question would have been of some value to tear down and sell as wreckage. There was no evidence that it had any such value at the time of the burning, and the burden of proof was on the plaintiff.

BIRDZELL, J. (concurring specially). I concur in a reversal of the judgment in this case and in remanding the case to the district court for another trial. It is my opinion that there is evidence of value upon which a jury would be warranted in finding a verdict for the plaintiff in some sum; but it is apparent from the record that the verdict upon which the judgment was entered was a compromise between the values as testified to by the plaintiff's main witness and those sought to be established by the defendant. The record further discloses that the jury had the benefit of an ample description of the situation and the condition of the property destroyed. But, in view of the fact that the only evidence of value which the plaintiff adduced was shown to be evidence based upon construction costs incurred at a time when it

was contemplated that the property would become part of a going concern, it is of such an unsatisfactory character that it ought not to be allowed to stand as the basis of the verdict. The evidence of value should relate to the condition of the property at about the time of its destruction.

GRACE, J. (concurring specially). I am of the opinion that the judgment should be reversed and a new trial granted for the reason that the proof with reference to the value of the buildings burned was deficient. While there is testimony showing the value of the buildings at the time they were burned, upon cross-examination it was shown the estimate of such value was based upon what it would cost to construct the buildings. Testimony as to the cost of the buildings, where it is shown they were built many years prior to the time of their destruction by fire, could hardly be considered a proper basis upon which to estimate the damages. The question is: What is the value of the buildings at the time of their destruction by the fire? I concur in the reversal of the judgment and the granting of a new trial.

## On Petition for Rehearing.

PER CURIAM. Plaintiff has petitioned for a rehearing. Much of the petition is devoted to criticism of certain expressions contained in the majority opinion. Leaving philological questions on one side, the basic reasoning announced in all of the former opinions is the same, viz., that there was no legally sufficient evidence as to the value, to sustain the verdict for the amount returned by the jury in this case. And we are still of the opinion that this holding was correct.

Plaintiff called only one witness, one Wright, to testify to the value of the buildings. On direct examination he testified, in response to leading questions, as to the value of the property. On his cross-examination it was developed that his former testimony was in fact not as to value, but as to the original cost of construction. No reasonable man can read Wright's testimony and arrive at any other conclusion.

Plaintiff contends that inasmuch as there was no objection to Wright's testimony when it was offered, it became competent evidence and must be so considered. The rule sought to be invoked is well established, but it does not go to the extent contended for by plaintiff.

While the failure to object may constitute waiver of the incompetency of the evidence, "it is not a waiver of the right to question its legal effect or its legal sufficiency." 9 Enc. Ev. 113. In the case at bar the legal insufficiency of the evidence did not become apparent until the witness was cross-examined. The plaintiff had the burden of proof. It was required to sustain this burden by substantial evidence—legally sufficient—to warrant reasonable men in arriving at certain conclusions. State Bank v. Bismarck Elevator & Invest. Co. 31 N. D. 102, 153 N. W. 459. In the case at bar the evidence adduced by the plaintiff, in our opinion, showed the cost of construction of the buildings, and not their value at the time of destruction or anywhere near that time. There was undisputed evidence showing the deteriorated condition of the buildings at the time of their destruction. The evidence offered by the defendant was to the effect that the buildings at the time of their destruction were of far lesser value than that fixed by the jury in their verdict. Hence, we were and are of the opinion that the verdict as returned has no substantial support in the evidence, and that the jury erred in its decision of the facts. Kinney v. Brotherhood of American Yeomen, 15 N. D. 21, 27, 106 N. W. 44. The defendant specifically assailed this decision by a motion for a new trial. In such motion he specified particularly that there was no competent evidence showing the value of the property destroyed to be more than $750 in all. The court denied a new trial. But inasmuch as there was no substantial and legally sufficient evidence in support of the verdict as returned, the trial court should have set aside the verdict and ordered a new trial. 29 Cyc. 832–835.

Rehearing denied.