JOHN E. STAIR, C. A. Christiansen, and W. O. Timerman, Co-partners Doing Business under the Firm Name of Stair, Christiansen, & Timerman, Respondents, v. JOSEPH MARQUART, Appellant.

(178 N. W. 121.)

**Payment — directed verdict for plaintiffs in action for money paid under mistake held proper.**

1. In an action to recover the proceeds of a carload of oats, by mistake credited to the account of and paid to the defendant, where the defendant counterclaimed by alleging the consignment of two carloads of wheat to the plaintiffs for which no accounting has been made, it is *held*, upon this record, that the trial court did not err in directing a verdict for the plaintiffs.

**Pleading — allegation admitted by answer presents no issuable fact.**

2. Where the complaint alleges a partnership, and the owner admits such partnership, there is no issuable fact concerning the same, and proof, in denial, was properly rejected.

Opinion filed May 10, 1920.

Action in District Court, Logan County, *Graham,* J.

From a judgment rendered for the plaintiffs upon a directed verdict, the defendant has appealed.

Affirmed.

*A. B. Atkins* and *W. S. Lauder,* for appellant.

The jury are the sole and exclusive judges of the weight of the testimony, the credibility of the witnesses, and of the facts. Taylor v. Jones, 3 N. D. 236.

The court will not direct a verdict, even where there is no conflict in the testimony, if the evidence is such that different minds may reasonably draw different conclusions therefrom. Clemens v. Royal

Neighbors, 14 N. D. 116; Boughton Implement Co. v. Vavrowski (N. D.) 125 N. W. 1024; Edwards v. Chicago & R. Co. 21 S. D. 504; Hall v. N. P. R. Co. 16 N. D. 60; Walkin v. Horswill (S. D.) 123 N. W. 668; Berry v. Chicago etc., Ry. Co. (S. D.) 124 N. W. 859; Casey v. First Nat. Bank (N. D.) 126 N. W. 1011.

Where there is a conflict in the evidence, the verdict of the jury is conclusive on the supreme court, as that court will not weigh the evidence, and will go no further than to determine whether there was legal evidence sufficient to sustain the verdict, without regard to the evidence of the adverse party. Olson v. Day, 23 S. D. 150; Mosteller v. Holborn, 20 S. D. 545; Grant v. Powers Dry Goods Co. 23 S. D. 195; Jackson v. Grand Forks, 140 N. W. 718.

*Scott Cameron* and *George M. McKenna,* for respondents.

The court was authorized to direct a verdict at the close of the case, as both parties moved for a directed verdict. Stanford v. McGill, 6 N. D. 563; First Methodist Episcopal Church v. Fadden, 8 N. D. 162; Duncan v. Great Northern R. Co. 17 N. D. 610; Bank of Park River v. Norton, 12 N. D. 497; Larson v. Calder, 16 N. D. 248; Citizens Nat. Bank v. Osborne-McMillan Elev. Co. 21 N. D. 335.

BRONSON, J. *Statement.*—This is an action to recover the proceeds of a carload of oats paid by mistake to the defendant. The defendant, in its answer, made a general denial of plaintiff's claim, and, as a counterclaim, alleged that two carloads of wheat were shipped to and received by the defendant for which payment had not been made.

The facts substantially are:

During the years of 1915 and 1916 the defendant operated an elevator at Napoleon, North Dakota; the plaintiffs were copartners in the grain commission business, at Minneapolis and Duluth. Throughout 1915 and 1916 the defendant shipped grain in carload lots to the plaintiffs. Customarily such shipments were made under bills of lading, which were forwarded to the plaintiffs.

Upon the sale of a carload shipment, an account of the sale was rendered, itemizing the gross and net proceeds, together with a state weigh master's certificate and train inspector's certificate thereupon. Monthly, a statement was rendered covering the grain, the proceeds

thereof, and the accounting therefor including interest items pro and con.

On January 19, 1916, the defendant was credited on the books of the plaintiffs with the proceeds of car *No. 206,133,* amounting to $630.36. Pursuant to plaintiffs' books, and a statement rendered to the defendant showing a balance due of $4,391.81, this item, included with other items, was finally paid to the defendant the latter part of August, 1916. Subsequently, it was discovered (per plaintiffs' evidence) that this car *No. 206,133* was a carload of oats, and had been shipped to the plaintiffs by one Decker. Accordingly, on February 10, 1917, the plaintiffs charged to the account of the defendant the proceeds of such car, amounting to $630.36, and, on the same date, credited to the account of Decker such amount including an adjustment for the interest. The defendant admits that he never shipped any oats to the plaintiffs, and that a settlement was made on the account between the parties through payment of said $4,391.81 by the plaintiffs. However, in defendant's parol evidence, it is categorically denied that they ever received, in fact, any credit for this carload of oats; that the monthly statement rendered for January, 1916, to the defendant did not show this carload of oats, and that the settlement made by which the amount above stated was received covered only what was due the defendant, excepting only the two carloads of wheat.

In the operation of the defendant's elevator, a book was kept which shows the grain bought or sold, and the carload shipments of grain to the plaintiffs; also, a book containing bills of lading in blank form, which customarily the defendant made out, when carload shipments were made, in triplicate form,—one of which was sent to the plaintiffs, one retained by the railroad, and the third by the defendant. In support of their claim, the plaintiffs introduced in evidence their books of account with the defendant from beginning to end, the account of said Decker, the evidence of their traveling auditor concerning attempts to adjust this matter with the defendant, and that of their bookkeeper concerning their books, and in explanation of the particular item concerning the carload involved herein.

In support of his counterclaim, the defendant introduced his triplicate copy of a bill of lading, dated November 12, 1915, showing the shipment of a carload of wheat, weight 60,000 lbs., in car *No. 184,474* to

the plaintiffs; also another bill of lading, dated November 15, 1915, showing a shipment of a car of wheat, weight 80,000 lbs. in car *No. 265,610* to the plaintiffs; also its books of account showing the shipment of such carload to the plaintiffs on such respective dates for which no settlement had been made; also the value of such carloads of wheat. Concerning these *car numbers* on such carloads of wheat, there is a dispute in the evidence between the parties.

As stated, the books of the defendant show the shipment of these two carloads bearing such car numbers on November 12, and 15th, 1915, respectively. Likewise, his book of the bills of lading. They do not, however, show the shipment of any other carloads of wheat to the plaintiffs on these respective dates. The defendant's parol evidence is to the effect that these car numbers had been erased or rubbed out, and that the plaintiffs' auditor had so erased and replaced such car numbers as they originally existed. This is absolutely denied by the plaintiffs' auditor.

The agent of the Soo Railway Company, having in his possession the railway company's bill book of weigh bills, testified that, on November 12, 1915, there was only one car shipped by the defendant to the plaintiffs, being a carload of wheat, weight 60,000 lbs. in Soo car *No. 24,474;* that, on November 15, 1915, there was only one car shipped by the defendant to the plaintiffs, being a carload of wheat weight 80,000 lbs. in C. P. car *No. 208,640;* that on November 12, 1915, no such car as *No. 184,474* was shipped out of the station at Napoleon; that on November 15, 1915, no such car as C. P. car *No. 265,610* was shipped out of such station on that date. On the consignment sheets of the plaintiffs, which show the consignments received from the defendant, it appears that the carload *No. 24,474,* shipped November 12, 1915, was sold November 19, 1915; that likewise the carload *No. 208,640,* shipped on November 15, 1915, was sold on November 22, 1915. On the books of the plaintiffs, on November 24, 1915, the proceeds of carload *No. 24,474,* in the amount of $760.70, and, of carload *No. 208,640* in the amount of $865.72, were credited. That these amounts were paid the defendant in the settlement had with the defendant. The defendant's books do not show any shipment charged, nor any payment for such carloads, numbered *24,474* and *208,640,* so shipped on November 12th and 15th, respectively.

The Soo agent admitted that the triplicate copies of the bills of lading were signed, one by himself, and the other by his helper; but he testified that elevator men sometimes made mistakes in putting the numbers of cars down, and that the actual carloads that were shipped out on the dates mentioned were these concerning which he had testified. At the conclusion of the case both parties moved for a directed verdict, with the reservation, however, by the defendant that, if his motion were overruled, the case be submitted to the jury. The court granted plaintiffs' motion and denied the defendant's. The jury, accordingly, returned a verdict for the plaintiffs for the carload involved, with interest. The defendant has appealed from the judgment entered thereupon.

*Contentions.*—The defendant has specified many assignments of error. As stated by his counsel upon oral argument, these substantially concern the alleged error of the trial court in directing a verdict. Substantially, the defendant contends that there is proof in the record sufficient to constitute a question of fact for the jury, whether the carload of oats was in fact credited to the account of, and paid to, the defendant. That, concerning the verity of this credit and payment, which appears from plaintiffs' books and evidence, there was an issue of fact for the jury created through plaintiffs' correspondence and defendant's parol evidence in that regard; that concerning the counterclaim, there was an issue of fact for the jury through the evidence offered on the part of the defendant, tending to show the shipment of the two carloads of wheat bearing the *specific numbers* designated, for which carloads *so numbered* there is no showing of specific payment therefor. That, furthermore, the trial court erred in refusing to permit the defendant to prove that the plaintiffs were not the real parties in interest.

*Opinion.*—The record is somewhat long; the essential facts only, necessary for the consideration of the primary questions involved, have been stated.

Were there any questions of fact for the jury in this record concerning (first) whether the defendant was credited with and received payment of car *No. 206,133,* and (second) whether there were two carloads of wheat, consigned to and received by the plaintiffs, for which payment has not been made?

Upon a consideration of the entire record we are of the opinion that the trial court did not err in directing a verdict for the plaintiffs. It is clearly established that the defendant did receive payment for carload *No. 206,133,* credited to defendant's account in the sum of $630.36 on January 19, 1915. The defendant does not claim, nor does its books show, that it ever shipped such carload *No. 206,133* to the plaintiffs. Manifestly it is immaterial what the car contained, except so far as it serves to explain the reason for the erroneous entry. The defendant admits that he never shipped any oats to the plaintiffs. If, therefore, this were a carload of oats, the defendant did not ship the same. However, the defendant's evidence is positively stated that whenever a shipment is made to the plaintiffs the consignment was entered upon his books. The parol evidence of the defendant, that it never received any return for a carload of oats; that no accounting was ever made to it for such carload of oats; and that, if such had been made, it would have been placed on his books,—is entirely disproved by the books of the plaintiffs, and their statements rendered to the defendant. These show without contradiction, by the books or the testimony of the defendant, that necessarily, in the settlement made, when the item of $4,391.81 was paid, the item for carload *No. 206,133* was included and formed a part of the account necessary to create such balance in favor of the defendant. The statements received by the plaintiffs, retained in their possession, produced in court, and offered in evidence, established this fact from the balances thereof. Upon no other theory can such balance be explained from the record in this case. There is no complaint by the defendant of any nonpayment by the plaintiffs, excepting for the carloads of wheat bearing the specific numbers designated in defendant's books and book of bills of lading. Concerning these items it is equally clear that there were only two carloads of wheat shipped to the plaintiffs on November 12, and 15, 1915, respectively. There is no dispute between the parties as to these two carloads of wheat. The dispute alone concerns the numbers with respect to those two carloads of wheat. Plainly the dispute is a question of numbers, and not of carloads. This mistake in numbers, therefore, is immaterial unless it referred to two additional cars of wheat consigned to the plaintiffs, or concerned a mistake made by substitution of cars. Upon the latter grounds no claim is made in this record.

There two carloads of wheat shipped on November 12 and 15, 1915, respectively, are the only two claimed to have been so shipped by the defendant, by the railway company, and by the plaintiffs. These have been credited and paid to the defendant without objection. The monthly statement so received, retained, and produced in court by the defendant, show these very items for such two carloads of wheat credited. These carloads so credited and paid correspond as to dates and as to quantity with the charge made on defendant's books. The question, therefore, of the dispute in numbers is wholly immaterial. There was, therefore, no evidence for the jury, which would cause reasonable men to draw different conclusions upon the questions involved. Obviously, the defendant might not create an issue of fact for the jury by parol testimony that two plus two makes a different sum than four. See State Bank v. Bismarck Elevator & Invest. Co. 31 N. D. 102, 106, 153 N. W. 459. In the complaint the plaintiffs allege a copartnership. In this answer this is admitted. The trial court did not err in rejecting the offer of proof that the partnership of the plaintiffs was no longer existing. This was not an issuable fact. The judgment is, in all things, affirmed, with costs to the respondents.