AMERICAN STATE BANK, a corporation, formerly German-American State Bank of Burlington, N. D., Appellant, v. A. C. DAYTON and J. A. CARROLL, co-partners under the firm name and style of Dayton & Carroll, Respondents.

(184 N. W. 665.)

**Chattel mortgages — evidence in conversion action held to warrant directing verdict for defendant purchasers from mortgagor.**

In an action for the conversion of grain, upon which the plaintiff claimed a mortgage lien, the trial court directed a verdict for the defendants. The evidence is examined and it is *held* that no error was committed in directing the verdict.

Opinion filed Sept. 26, 1921.

Appeal from the District Court of Ward County; *Leighton,* J.

Affirmed.

*Greenleaf & Wooledge,* for appellant.

*B. H. Bradford,* for respondents.

BIRDZELL, J. This is an appeal from a judgment of dismissal and from an order denying a new trial. The action was brought to recover the value of certain wheat purchased by the defendants, upon which the plaintiff claimed a lien through a chattel mortgage given on Gobernatz, the defendants' vendor. At the conclusion of the evidence the trial court directed the jury to return a verdict for the defendants. The facts are as follows:

In November, 1917, one Chris Gobernatz gave the plaintiff and appellant a chattel mortgage covering a large amount of personal property used by the mortgagor in operating a certain farm and the crop to be raised in 1918 upon the west half of sec. 5, township 157, range 83 to secure an indebtedness of $2,781.32. In December, 1917, he gave another mortgage to the plaintiff, covering substantially the same property. During the following season the mortgagor farmed the land described in the chattel mortgages, and also the northwest quarter of sec. 6 of the same

township and range. The iwner of the land described in the mortgage was J. Olson, who was also the president of the plaintiff and appellant bank. Gobernatz was his tenant. During the fall of 1918 Gobernatz delivered certain grain to the Olson-Warner Grain Company at Burlington, for which payment was made to Olson, the landlord. He also turned over to the appellant, the personal property on the farm without seizure under foreclosure proceedings. Some of this was disposed of by the appellant and the remainder was still in its hands at the time ofthe trial. During the fall of 1918 Gobernatz sold and delivered to the defendants herein, at Glenburn, 559 bushels and 30 pounds of wheat, for which the latter paid the market price. It is this wheat that is the subject of the present controversy.

The respondents justify the judgment of the trial court dismissing the action upon several grounds. It is contended: (1) That the evidence is insufficient to identify the grain purchased by the defendants as grain raised upon the west half of sec. 5, township 157, range 83, covered by the appellant's mortgages; (2) that the mortgages were not entitled to be filed under chap. 108, Session Laws of 1917, on account of their form; and (3) that the evidence fails to show the receipt by the mortgagor of copies of the mortgages at the time they were executed. After a careful examination of the record we find it unnecessary to consider any question other than the first, viz. that the evidence does not identify the wheat Gobernatz sold to the defendants as the wheat covered by the appellant's mortgages.

The nearest approach to evidence of the identity of the grain sold to the defendants is that of one Warner, an officer of the plaintiff bank. He testified that during the season of 1918 he was out to Gobernatz's place a number of times; that he was familiar with his farming operations, and knew what land he put into crops; and that he seeded and raised oats on the northeast quarter of sec. 6, which, he stated, was the only land he farmed, aside from the half section covered by the crop mortgages in question. He stated that he did not know, of his own knowledge, where the wheat, aside from that delivered to the Burlington elevator, was hauled to, or where any of the grain hauled by Gobernatz came from. We are of the opinion that this evidence is not sufficient to sustain the plaintiff's burden of proving that the defendants purchased the grain covered by the plaintiff's mortgages.

The sale of the mortgaged grain to the defendants would have involved

a criminal act on the part of Gobernatz, and it cannot be assumed that such an offense was committed by him, where the evidence going to negative other sources of the grain sold is not stronger and more direct than that in the instant case. The source of wheat sold is not ordinarily a fact so difficult of proof as to require its establishment by evidence which is so remote and circumstantial as that in the instant case. The facts in this case are scarcely distinguishable from the facts in the case of State Bank v. Bismarck Elevator & Investment Co., 31 N. D. 102, 153 N. W. 459, in which it was held that the evidence did not do more than give rise to a suspicion. It was there held that a verdict founded on surmise, conjecture, or guess alone was not sufficiently supported by evidence.

For the foregoing reasons, we are of the opinion that no error was committed in entering a judgment of dismissal, and it is affirmed.

GRACE, C. J., and ROBINSON, CHRISTIANSON, and BRONSON, JJ., concur.