[File No. 6283.]

MRS. BESSIE SCHEID, Appellant, v. J. E. CAVANAGH, Respondent.

(260 N. W. 619.)

Opinion filed May 3, 1935.

*E. A. Weston,* (*Richardton, Thorp & Wattam,* of counsel) for appellant.

*Nilles, Oehlert & Nilles,* for respondent.

BERRY, Dist. J. The appellant brought this action on the 30th day of April, 1932, charging the defendant, a doctor of osteopathy, of Fargo, North Dakota, with malpractice and a fraudulent concealment of the facts constituting negligence, and she asks damages for such negligence.

The defendant in his answer admits that he treated the plaintiff in the month of June, 1928, and alleges that said purported and alleged cause of action set forth in the plaintiff's complaint occurred more than two years prior to the commencement of the action and hence is barred by the statute of limitations; and specifically denies that he concealed, fraudulently or otherwise, any of the facts concerning his treatment of her and denies that he was negligent in any manner.

Upon the trial of the action in the district court, the evidence disclosed that the negligence, if any, occurred in June, 1928, at which time it is alleged by the plaintiff that the defendant left a wooden applicator in the right nostril of the plaintiff and that he fraudulently failed and neglected to notify the plaintiff of such fact and that the said applicator was not removed from plaintiff's head until the 10th day of October, 1931, three years and four months later, by Dr. Bottolfson.

At the close of the case the defendant's attorney made a motion that the case be dismissed on the grounds:

1. That under the undisputed evidence the alleged cause of action accrued more than two years prior to the commencement of the action in the district court and was barred by the statute of limitations, subdivision 3 of § 7377, Compiled Laws;

2. That the plaintiff wholly failed to prove the malpractice or negligence on the part of the defendant;

3. That the plaintiff has failed to prove any fraudulent concealment, which would toll the statute.

The court granted the motion.

The plaintiff contends that under subdivision 6 of § 7375, Compiled Laws 1913, the statute of limitations did not start to run until the 11th day of October, 1931, when the plaintiff discovered the fraud

concealed by the defendant, at which time Dr. Bottolfson told her that he had removed the applicator from her head, the day before, and showed her the wooden applicator, which was introduced in evidence as "Exhibit A," being a stick more than two inches long, one end of which was wrapped with cotton or gauze.

The respondent, J. E. Cavanagh, has been engaged in the practice of osteopathy in the city of Fargo since 1903. Appellant, Mrs. Bessie Scheid, consulted Dr. Cavanagh in April, 1928, for relief from a serious chronic sinus infection which caused an odor about her head. Plaintiff claims that Dr. Cavanagh treated her by irrigating her nose and by using a wooden applicator, wound on the end by gauze or cotton saturated with medicine. The use of the wooden applicator was denied by Dr. Cavanagh in his answer and also in his testimony.

The attorney for the plaintiff claims that in June, 1928, Dr. Cavanagh used a wooden applicator wound with gauze or cotton by inserting the same in her right nostril and that he left the same in the nasal cavity and wilfully refused and neglected to notify the plaintiff of that fact. That she did not discover the applicator was left in her nostril until about three and one half years later, when Dr. Bottolfson told her that he had removed the same from her head, the day before.

Dr. Bottolfson testified that when he removed the wooden applicator from her head that he did not immediately tell her about it, but that he did tell her the next day and showed it to her.

The attorney for the plaintiff claims that the wilful leaving of the applicator in plaintiff's head and the concealment of the fact by Dr. Cavanagh was malpractice, for which the doctor should respond in damages, and that the fraudulent concealment of the fact tolled the statute of limitations under subdivision 6 of § 7375, Compiled Laws 1913.

It is not necessary to decide whether fraudulent concealment tolls the statute as we have examined the evidence adduced by the plaintiff in support of the allegations of her complaint charging malpractice by the defendant, and find that there is not sufficient evidence as a matter of law to support the allegation.

The plaintiff had been treated by three doctors, Dr. Meyers, Dr. Cavanagh, the defendant, and Dr. Bottolfson, before Exhibit "A" was removed from her head by Dr. Bottolfson. As far as the plaintiff is

concerned she did not know that the applicator was in her head until it was shown to her by Dr. Bottolfson. To find that the defendant left it in her nose is to resort to surmise and conjecture. A mere scintilla of evidence is not sufficient to establish such a fact, and the court could not permit the jury to resort to surmise or conjecture. Duncan v. Great Northern R. Co. 17 N. D. 610, 118 N. W. 826, 19 L.R.A.(N.S.) 952. See State Bank v. Bismarck Elevator & Invest. Co. 31 N. D. 102, 153 N. W. 459, in which the court, speaking through Judge Christianson said: "It is true, as asserted by plaintiff's counsel, that circumstantial evidence is equally competent in civil and criminal cases, and that the facts essential to establish plaintiff's case need not necessarily be proven by direct testimony, but may be established by circumstantial evidence.

"This, however, does not mean that the jury might resort to conjecture or surmise, or be permitted to fancy or imagine situations and circumstances which did not appear in evidence. It only means that the jury were to consider the facts and circumstances proven, and make such just and reasonable inferences therefrom as the guarded judgment of reasonable men would ordinarily make under like circumstances; and that they might find any fact proven which they believed might rightfully and reasonably be inferred from the evidence in the case. But such inferences should be the logical and natural result drawn from the evidence by probable deduction. The plaintiff had the burden of showing by competent evidence that the defendant had converted the wheat on which plaintiff had a mortgage, and the value of the wheat so converted. The evidence in this case fails to prove such conversion. At the best it only creates a suspicion that such conversion took place. This is not sufficient. A verdict cannot be based upon mere conjecture or suspicion. In the case of Scherer v. Schlaberg, 18 N. D. 421, 122 N. W. 1000, 24 L.R.A.(N.S.) 520, this court said: 'When the nature of the evidence in an action for damages is such that no verdict for the plaintiff can be returned except based upon mere conjecture, surmise, or speculation, it is proper for the trial court to direct a verdict for the defendant.'" See also Jones, Ev. § 174, vol. 1, p. 906.

The plaintiff failed to prove her case by the burden of proof required by law, she must prove her case by more than a scintilla of evidence, and by evidentiary facts which raise more than a surmise and a conjecture.

We hold that the trial court was correct in granting the motion to dismiss the case for the reason that the undisputed evidence adduced on the part of the plaintiff fails to establish sufficient facts to constitute malpractice.

BURKE, Ch. J., and BURR and CHRISTIANSON, JJ., concur.

NUESSLE, J., did not participate, Hon. H. L. BERRY, Judge of Sixth Judicial District, sitting in his stead.

MORRIS, J., did not participate.