[File No. 6420.]

ARTHUR RULON, as Administrator of the Estate of Thomas Hollihan, Deceased, Respondent, v. THOMAS HOLLIHAN, Jr., Appellant.

(270 N. W. 349.)

Opinion filed December 12, 1936.

*Fredricks & Fredricks,* for appellant.

*R. D. Chase,* for respondent.

BERRY, District Judge.   This is an action in claim and delivery brought by Arthur Rulon, as Administrator of the Estate of Thomas Hollihan, Sr., Deceased, as plaintiff, against Thomas Hollihan, Jr., defendant, to recover the possession of certain personal property, consisting of horses and farm machinery and equipment, alleged to have

been owned by Thomas Hollihan, Sr., during his lifetime, of the value of $500. The complaint is in the usual form, alleging the appointment of the plaintiff as administrator of the estate, which latter fact was stipulated by the parties. The complaint alleges that the defendant has wrongfully and unlawfully detained the said personal property and refuses to deliver the same, or any part thereof, to the plaintiff as administrator of the estate.

At the close of the plaintiff's case, the defendant moved for a directed verdict in favor of the defendant for the reason that the plaintiff had wholly failed to prove the allegations of the complaint or any part thereof. The motion was resisted by the plaintiff and was denied by the court. Thereupon the defendant proceeded to offer evidence in his behalf tending to show that he was at the time of the commencement of the action and for several years prior thereto the owner of the said personal property and that he was entitled to retain the possession thereof, and, at the close of the entire case, the defendant made a motion for a directed verdict on all of the grounds stated in the original motion made at the close of the plaintiff's case, for the reason that the plaintiff had wholly failed to prove the allegations of his complaint; that he had failed to prove that he is entitled to the immediate possession of the property; that he had failed to prove by any legal evidence the value of the property, and that the uncontradicted record shows that the defendant is now and for several years last past has been the unquestioned owner of the property as against any claims of his predecessor, Thomas Hollihan, Sr., and the administrator of the estate. This motion was denied by the court and the defendant thereupon made a motion to dismiss the action for all of the reasons stated in the motion for a directed verdict, which motion was also denied by the court. The cause was submitted to the jury, which returned a verdict in favor of the plaintiff, finding that the plaintiff was the owner and entitled to the immediate possession of the personal property, and fixing the value thereof, in case delivery could not be had, in the sum of Three Hundred Dollars. Upon this verdict a judgment was entered for the plaintiff. Defendant thereupon made a motion for judgment notwithstanding the verdict, or in the alterna-

tive for a new trial, which motion was denied by the court, and this appeal was taken from the judgment.

While numerous errors are assigned, we deem it necessary to consider only one, namely, the denial of the motion for judgment notwithstanding the verdict or in the alternative for a new trial, based upon motions made at the close of the plaintiff's case and at the close of all the testimony, on the ground that the plaintiff had wholly failed to prove the allegations of his complaint, namely, that the property described in the complaint was owned by the Estate of Thomas Hollihan, Sr., Deceased, or that the plaintiff, as administrator of the estate is entitled to the immediate possession thereof. We are of the opinion that the motion should have been granted. This is an action in claim and delivery and in order for the plaintiff to recover possession of the property it was incumbent upon him to prove that the same was the property of the Estate of Thomas Hollihan, Sr., Deceased, and that the estate was entitled to the immediate possession thereof. The burden of proof was upon the plaintiff to prove such facts as would establish such ownership and right to possession. The rule is well settled that in a replevin action the plaintiff must recover, if at all, on the strength of his own title and right.

After reading the testimony the court has come to the conclusion that the plaintiff has wholly failed to prove by any competent evidence that the property in question was owned by the said Thomas Hollihan, Senior, at the time of his death, or that it belonged to his estate at the time of the commencement of the action or at any other time. The best that can be said of the testimony, giving it a construction most favorable to the plaintiff, is that there is an inference from the testimony tending to show that at one time the deceased might have had an interest in some of the property, but such testimony is of such an indefinite and unsatisfactory nature that it simply amounts to surmise, conjecture and speculation on the part of the witnesses testifying, and is of such a character that no verdict for the plaintiff could be legally based on the same. We have searched the record in vain for any direct testimony showing ownership of the property in Thomas Hollihan, Senior, at the time of his death. On the contrary, it was brought out by the defendant's attorney on cross-

examination of the plaintiff's own witnesses that all of the property had been assessed in the name of the defendant for at least three or four years prior to the death of Thomas Hollihan, Senior, and that such listings were given to the assessors by the said Thomas Hollihan, Senior.

"It is in the province of the trial judge to determine whether there is sufficient evidence in the case to warrant its submission to the jury. If there is such evidence as would cause reasonable men to draw different conclusions, the case should be submitted to the jury. But a mere scintilla of evidence, or mere surmise or conjecture, will not sustain a refusal on the part of the judge to take the case from the jury," the rule being, "That in every case there is a preliminary question for the judge to determine, whether there is evidence upon which the jury may properly proceed to find a verdict. When the evidence with all the inference that the jury can justifiably draw from it is insufficient to support a verdict for the plaintiff, it is the duty of the Court to take the case from the jury and to grant a non-suit." State Bank v. Bismarck Elevator & Invest. Co. 31 N. D. 102, 153 N. W. 459; Scherer v. Schlaberg, 18 N. D. 421, 122 N. W. 1000, 24 L.R.A.(N.S.) 520; 1 Jones, Commentaries on Ev. § 174, p. 906.

Subsequent to the decision in State Bank v. Bismarck Elevator & Invest. Co. 31 N. D. 102, 153 N. W. 459, supra, § 7643 of the Supplement to the Compiled Laws of 1913 was enacted which provides that "when at the close of the testimony any party to the action moves the court to direct a verdict in his favor, and the adverse party objects thereto, such motion shall be denied and the court shall submit to the jury such issue or issues, within the pleadings on which any evidence has been taken, . . ."

The trial court submitted the issues to the jury. The plaintiff having objected to the motion, it was his duty to do so, in any event.

We are satisfied that the evidence was insufficient to establish the plaintiff's cause of action or to sustain a verdict in his favor. Accordingly, the judgment is reversed and a new trial granted.

BURKE, Ch. J., and CHRISTIANSON, BURR and NUESSLE, JJ., concur.

MORRIS, J. did not participate, Hon. H. L. BERRY, Judge of Sixth Judicial District, sitting in his stead.