THE STATE v. FINN.

1. **Pleading:** AMENDMENT. An amended petition is not a substitute for the petition first filed, and the averments of the latter, in so far as they are not modified or withdrawn by the amended pleading, will stand.

*Appeal from Winneshiek District Court.*

TUESDAY, DECEMBER 12.

ACTION upon a bond conditioned for the appearance of one Ole Evenson to answer a criminal charge. The facts are sufficiently stated in the opinion.

*E. E. Cooley*, for appellant.

*O. J. Clark*, for appellee.

SEEVERS, CH. J.— The petition, after making averments showing that Ole Evenson was legally required to furnish security for his appearance, proceeds as follows: " Thereupon the said defendant as aforesaid gave a bond for his appearance as follows." A copy of the bond is then given, which purports to be signed by Evenson and the defendant, and recites that " We, Ole Evenson and John Finn, undertake," etc.

Afterward, what is called an amended petition was filed.

The defendant demurred to the amended petition on the ground there was no allegation therein that the defendant made the bond therein referred to, and that it was not averred the defendant bound himself for the appearance of Ole Evenson. This demurrer was overruled.

It is urged by appellant that what is called an amended petition is a substitute for the original petition, and takes its place. In this view we do not concur. The amended pleading does not state that it was intended as a substitute for the original. On the contrary, it refers thereto, and it is evident it was not designed as a substitute, nor intended to take the place of the original petition.

1. PLEADING: amendment.

. The name given to a pleading is not conclusive, but the statements or allegations therein, taken as a whole, must be looked at in determining its character.

It is also urged that, taking the petition and amendment thereto, it is not distinctly alleged defendant executed and delivered the bond in question. The averment is that the defendant Oleson gave a bond, a copy of which is set out, and which recites that Oleson and defendant are bound, and purports to be signed by Oleson and defendant.

On demurrer we are of opinion this is sufficient. Substantially, the allegations taken together amount to an averment that defendant executed the bond.

AFFIRMED.