## TURNER v. HAMILTON.

PLEADING—AMENDMENT—PRESUMPTION AS TO LEAVE TO AMEND—
METHOD OF AMENDING—ELECTIONS—NEW GROUND OF CONTEST IN
AMENDED PETITION — LIMITATION — GROUND OF CONTEST, WHAT
CONSTITUTES—VERIFICATION OF PLEADING—OBJECTION FOR WANT
OF VERIFICATION, HOW PRESENTED—WAIVER—BALLOTS—MANNER OF
VOTING.

1. Where, after a demurrer had been sustained to the petition, plaintiff filed an amendment, and the amended petition was demurred to generally, which demurrer was heard, and sustained, and judgment rendered against plaintiff upon refusal to further plead, it is to be presumed that leave had been granted to the plaintiff to amend the petition, the record being silent as to that matter.

2. It was alleged in an amended petition in an election contest that certain ballots in certain precincts had been improperly counted for defendant for the reason, as alleged, that they respectively bore unlawful identification marks, were cast by illegal voters, and were improperly marked. *Held*, (1) that such matters, not having been alleged in the original petition, constituted new and separate causes of contest, . and, (2) that plaintiff could not avail himself of such new causes of contest where the amendment was not filed within the time required by statute for instituting election contests.

3. The objection that a pleading is not verified cannot be raised by demurrer, but the proper method is a motion to strike the pleading from the files; and, in the absence of such a motion, the objection will be deemed to have been waived.

4. There are three ways of amending a pleading: First, by filing a new and separate pleading containing the amendments desired, and substituting it for the original pleading; second, by interlining the amendment in the original pleading; third, by filing a statement of the amendment, and designating by reference where the new matter is to be inserted in the original pleading, or what part of the original pleading is to be considered as stricken out. When the latter method is adopted the amendatory statement does not itself constitute the amended pleading, but, taken together with the original pleading, the two are to be construed as an amended pleading.

5. Where a cross is placed in the square at the head of a party column upon the official ballot, and the name in that column of a candidate for a particular office is erased, without any other marks or writing on the ballot, it is error to count such ballot for an opposing candidate, though there be only one, but such ballot should not be counted for either candidate for that office; the statute having pointed out the method of voting for some other candidate in lieu of the name erased, viz: by either writing the name of the person for whom the elector desires to vote in the space under the name erased, or by placing a cross in the appropriate space opposite the name of a candidate for the same office in another column.

6. The petition in an election contest alleging that twelve ballots were cast at a certain precinct containing a cross in the square at the head of plaintiff's party column, and the name of plaintiff erased, but without any other marks to indicate that defendant had been voted for; and that two ballots had been cast containing a cross in the square at the head of the same column, and a cross extending through the entire column, thereby erasing every name in the column, but without any other marks to indicate an intention to vote for any other candidate; and that such fourteen ballots were counted for defendant; and it appearing from the other allegations of the petition that if such votes were deducted from the total number alleged to have been counted for defendant, plaintiff would have a majority of one vote; *Held*, (1) that the ballots aforesaid should not have been counted for either plaintiff or defendant; (2) the petition states a cause of action, and, (3) it was error to sustain a demurrer thereto.

[Decided April 29, 1905.]        .        (80 Pac., 664.)

Error to the District Court, Natrona County.

Election contest brought by Adah M. Turner against May Hamilton, the parties having been opposing candidates for the office of County Superintendent of Schools. A demurrer was sustained to the petition, and again to an amended petition, and thereupon judgment was rendered against the plaintiff, who instituted a proceeding in error. The facts are stated in the opinion.

*Butler & Hagens,* for plaintiff in error.

Where a cross is put on the official ballot in the square at the head of the party ticket without erasing the name of the candidate upon that ticket, every candidate in that column is voted for, notwithstanding there may be a cross opposite the name of some candidate in another column. There were several ballots at the election in question where there was a cross in the square at the head of plaintiff's party column, and her name was not erased, but the ballot was counted for her opponent, the defendant, because a cross was found opposite the defendant's name. That was error and the ballot should have been counted for plaintiff. (State v. Hagen (Ia.), 60 N. W., 108; Vallier v. Brahie (S. Dak.), 64 N. W., 180; McKittrick v. Pardee, 65 N. W., 23; Young v. Simpson (Colo.), 42 Pac., 666; Loucks Case, 3 Pa. Dist Rep., 127.) It has been held that such a ballot should not be counted for either candidate. (State v. Peter, 57 Pac., 814; State v. Sadler, 58 Pac., 284.) If, however, it should not be counted for all the candidates in the party column, then it would be a ballot wherein the voter voted for two candidates for the same office, and it should not then be counted. (Dickerman v. Gelsthorpe, 47 Pac., 999; State v. Fransham, 48 Pac., 1; Tedde v. Smith, 41 Pac., 454; Salcido v. Roberts, 67 Pac., 1077.) On another class of ballots there was a cross in the square at the head of the column in which plaintiff's name appeared and a cross in the square opposite to the space on another column where the name of the condidate for County Attorney should appear, and above the name of the defendant. Thus there was no attempt by the elector on such ballots to vote for the defendant, and yet such ballots were counted for her, which we contend were wrongly counted. (Salcido v. Roberts, 69 Pac., 431.) In another class of ballots there was a cross in the square at the head of plaintiff's party column and plaintiff's name was erased, but no cross appeared after the name of defendant, yet the ballot was counted for her, and wrongly counted, as we contend. In

another class the cross extended across the whole of plaintiff's party column without any cross anywhere else to indicate that the voter desired to vote for the defendant, yet the ballot was wrongly counted for all of the candidates upon the other part of the ballot. (Van Winkle v. Crabtree, 55 Pac., 831.)

The instructions printed on the official ballot as required by statute are mandatory and must be complied with by the voter to entitle the ballot to be counted. (Richardson v. Jameson, 39 Pac., 1050; Taylor v. Bleakley, 39 Pac., 1045; State v. Peter, *supra;* Van Winkle v. Crabtree, *supra;* Dickerman v. Gelsthorpe, *supra;* State v. Fransham, *supra;* Sawin v. Pease, 42 Pac., 750; Bechtel v. Albin, 33 N. E., 967; Heiskell v. Landrum, 46 Pac., 120; Apple v. Barcroft, 41 N. E., 1116; Murphy v. City, 51 Pac., 1085; City v. Fitzgerald, 58 Pac., 699.) The voter's intention cannot be considered in determining the legality of any ballot. (Kearns v. Edwards, 28 Atl., 723; Sturgeon v. Thompson, 37 Neb., 39; Powin v. Wimburg, 134 Ind., 193; Sego v. Stoddard, 36 N. E., 204; Parker v. Orr, 41 N. W., 1002.) The intention of the voter is immaterial as against the express provisions of the law. (Whittan v. Zahorek (Ia.), 59 N. W., 57.) Where it is impossible to determine the choice of the elector, the ballot is void. (R. S. 1899, Sec. 341.) Neither should a ballot be counted where it contains an identifying mark. (Patterson v. Hanley, 68 Pac., 821; People v. Campbell, 70 Pac., 918; Maddox v. Walthall, 74 Pac., 1026; Merkley v. Trainor, 75 Pac., 656; Kincaid v. Reid, 75 Pac., 657; Weler v. Caldwell, id., 1031.)

*Fred D. Hammond* and *W. R. Stoll,* for defendant in error.

There was no amended petition in the record. The only petition is the one that was heard upon the former hearing. Even if the petition in question could be considered the amended petition, or if such a document should be discovered, it would come too late, and the judgment of the court

sustaining the demurrer thereto should be sustained. And the so-called amended petition could not possibly have been filed in time to authorize a hearing of any of the grounds of contest set up therein. A point of contest entirely foreign to the point originally set up cannot be set up for the first time by way of amendment if the time has elapsed within which there might be a contest brought.

The amended petition is entirely insufficient as an amended petition for any purpose whatever. Such a petition should be complete in itself. The paper in question does not purport to be a complete petition; but it refers to the previous petition and seeks to amend by inserting certain things at certain places. Again, there is no prayer for any relief in the paper supposed to be an amended petition. One of the grounds of the demurrer challenged, the sufficiency of the petition because not verified according to statute. While that matter could have been reached by motion, the fact is that the demurrer was sustained and thereupon, instead of amending or asking to amend, the plaintiff in error stood upon her petition and as the so-called amended petition was clearly insufficient, and the case was dismissed for that reason, it is submitted that the judgment should be affirmed.

VAN ORSDEL, JUSTICE.

This is an election contest proceeding. At the general election held on the 6th day of November, 1900, the plaintiff in error and defendant in error were opposing candidates for the office of Superintendent of Schools in Natrona County. The plaintiff in error was the Republican candidate and the defendant in error was the Democratic candidate. The vote as counted by the County Board of Canvassers gave the plaintiff in error 390 votes and the defendant in error 403 votes, and thereupon a certificate of election was issued to the defendant in error.

Within the time required by law, the plaintiff in error filed her petition in the District Court of Natrona County,

contesting said election; in which she specified a number of errors made in the canvass by the judges of election, and set out in detail the number of ballots in the various precincts that she claimed had been illegally counted for the defendant in error.

The defendant filed a demurrer alleging: "That the petition does not state facts sufficient to constitute a cause of action." The court sustained this demurrer. The plaintiff appealed to this court. The appeal was dismissed for the reason that the order, sustaining the demurrer to the petition, was not a sufficient judgment or final order in the action upon which to base a proceeding in error. (Turner v. Hamilton, 10 Wyo., 177.)

When the case was remanded to the District Court for further action, the plaintiff amended her original petition by filing a statement setting forth certain grounds of contest to be inserted in the original petition. Defendant again demurred generally to the amended petition, and the court sustained the demurrer. Plaintiff refusing further to plead, a judgment was entered by the court dismissing said action and assessing costs against the plaintiff. From this judgment the plaintiff appeals to this court. It is contended by counsel for defendant in error that the amended petition states a new cause of action, and that said amendment, having been made after the time prescribed by statute for instituting a contest had expired, the trial court was without jurisdiction to hear and determine the action. The record is silent as to any permission having been given by the trial court to the plaintiff to amend her petition, but counsel for defendant demurred to the petition, and the court heard the demurrer and ruled upon it and rendered judgment in the case. It will, therefore, be presumed that plaintiff had permission to amend her petition.

The amendment complained of sets out several grounds of contest, in addition to those contained in the original petition. It alleges that in Muddy precinct there were four ballots each of which had the name of the elector written

on the back of the ballot; that at the election two residents of Converse County were permitted to vote in Casper precinct; that in Casper precinct there were three ballots marked with certain spots, which were put there for the purpose of identification; that in West Casper precinct there were six ballots that were not marked in accordance with the instructions as printed on the official ballot, and that all of these ballots were counted for the defendant in error. None of these matters having been alleged or set forth in the original petition, we are of the opinion that they constitute new and separate causes of contest, and that the plaintiff could not avail herself of these causes of contest, unless the amendment had been filed within the time required by statute for instituting election contests. This was not done.

Counsel for defendant in error seem to treat the statement, amending the original petition, as an amended petition, and complain that it is not properly verified. If in fact any verification was necessary, the defect could not properly be raised by demurrer, but by a motion to strike from the files. No motion having been filed, the defendant will be deemed to have waived her objection. The statement itself does not constitute an amended petition, but, taken together with the original petition, the two are to be construed as an amended petition. There are three ways of amending a pleading: First, by filing a new and separate pleading, containing the amendments desired, and substituting it for the original pleading; second, by interlining the amendment in the original pleading; third, by filing a statement of the amendment, and designating by reference where the new matter is to be inserted in the original pleading, or what part of the original pleading is to be considered as stricken out. (State v. Finn, 45 Ia., 148; Hill v. Supervisors, 10 O. St., 621.) The latter was the method adopted by the plaintiff in this case.

An examination of the record discloses some doubt as to whether or not the order sustaining the second demurrer

was made with reference to the entire petition as amended, or merely to the statement filed as an amendment to the original petition. The latter seems more probable, and, if that was the view taken by the court, we would be inclined to agree with the ruling, since in the amendment new causes of contest are plead that could not be set up after the time for instituting a contest had expired. We think it doubtful, however, whether the objection was properly reached by demurrer. A motion to strike would seem to be the more appropriate method of assailing the amendment. It is, however, immaterial whether the order sustaining the second demurrer applied to the original petition or not, for the record discloses the sustaining of a demurrer to the original petition and an exception thereto by counsel for plaintiff. In either event the question whether or not the petition states a cause of action is properly before us for consideration. Holding, therefore, that the allegations of the statement amending the petition cannot be considered, the statute of limitations having run against them, our investigation will be confined to an examination of the allegations of the original petition.

Plaintiff, after making the essential allegations in her petition as to her candidacy, alleges that the County Canvassing Board, upon a canvass of the votes cast in Natrona County at said election, found that the plaintiff received for said office a total of 390 votes and that the defendant received for said office a total of 403 votes, giving to the defendant a majority of 13 votes; that in truth and in fact the defendant did not receive a total of 403 legal votes, but that the total number of legal votes cast for her for the office of Superintendent of Schools was 303 votes, and that the number of legal votes cast for the plaintiff was not. 390 votes, as found by the County Canvassing Board, but 490 votes, and that the plaintiff received of the legal and lawful votes cast at said election a majority of 187 votes, and that plaintiff should have been declared legally elected Superintendent of Schools of said county at said election.

Plaintiff then, under separate allegations in her petition, specifies the number of votes in each precinct that she alleges were illegally and unlawfully canvassed, counted and returned as votes for the defendant, when as she alleges they should have been counted and returned as votes for the plaintiff. The petition contains numerous allegations setting forth the number of alleged illegal ballots counted in the various precincts for the defendant, that she alleges either should not have been counted for either candidate, or should have been counted for the plaintiff. The petition and exhibits attached indicate that ballots were marked in almost every conceivable manner at said election. For the purposes of this case it will be necessary for us to consider but two of the allegations contained in the original petition.

It is alleged that in West Casper precinct at said election there were twelve ballots cast and counted for the defendant, May Hamilton, and on each of said twelve ballots there was a cross in the square under the name "Republican" at the head of the Republican column, and that the name of Ada M. Turner was erased and that there were no other marks on said ballots to indicate that the defendant had been voted for.

It is further alleged in the petition that in West Casper precinct there were two ballots counted for the defendant, May Hamilton, in which there was a cross placed in the square immediately under the word "Republican" at the head of the Republican column, and a cross extending across the whole Republican column, thereby crossing out every candidate's name in the Republican column. There were no other marks on the ballot to indicate any intention on the part of the voter to vote for any other candidate.

The official ballot used at the general election in 1900 in Natrona County was prepared and printed as required by law. The provisions of our statute relating to the preparation of a legal ballot are found in the Revised Statutes, Section 289, and are as follows:

"Ninth—There shall be a space between the party name at the top of each party column and the name of the head

of the ticket of five-eighths of an inch, and in the center of the space under the party name there shall be a square of three-eighths of an inch, in which the voter by his cross mark may declare that he votes for all the names printed in that column except such as are erased, as hereinafter specified.

"Tenth—If an elector desires to vote for part, but not all the candidates named in the column of any party, he may make a cross in the square at the head of that column and erase the name of each candidate for whom he does not wish to vote. There shall be left under the name of each candidate sufficient space to write another name therein in lieu of the one printed; and when any name so printed is erased and another name is written immediately thereunder, it shall be counted as a vote for the name so written in lieu of the one erased.

"Eleventh—On a line with the name of each candidate and to the right of each column there shall be a space enclosed in a square in which the voter may make a cross mark and thereby indicate his choice for such candidate for that office. When a voter votes for a party ticket by using the square at the head of the party column and erases the names in that column, he may then vote for any other candidate for that office in lieu of the name erased, by placing a cross in the appropriate space opposite the name of such other candidate.

"Thirteenth—Each ballot shall contain on the face thereof the following specific instructions and no others, in addition to the words, 'official ballot,' and the name of the state and county, with the date of election, to-wit: 'If you desire to vote the entire party ticket, make a cross in the square under the appropriate party name at the head of the ballot. If you desire to vote for a part and not all of the candidates of this party, make a cross in the square under the appropriate party name at the head of the ticket, and erase the name of any candidate in that column for whom you do not want to vote, and make a cross opposite the

name of the candidate you desire to vote for in lieu of the one erased, or write the name you desire to vote for in the blank space immediately under the name erased.'"

Revised Statutes, Section 337, provides that "on the receipt of his ballot, the elector shall forthwith and without leaving the polling place, retire alone to one of the places, booths or compartments provided for that purpose, and there prepare his ballot as indicated in Section 289."

Revised Statutes, Section 341, contains a proviso as to the intention of the voter: "*Provided,* That when a ballot is sufficiently plain to gather therefrom a part of the voter's intention, it shall be the duty of the judges of election to count such part." It will be observed that the provisions of our statutes are very explicit as to the manner in which a voter may mark his ballot in order to express his intention.

As to the twelve ballots in question, there need be little difficulty in arriving at a conclusion. The statute provides that, "if an elector desires to vote for part, but not all of the candidates named in the column of any party, he may make a cross in the square at the head of the column and erase the name of each candidate for whom he does not wish to vote." This is what the electors are alleged to have done in each of the twelve ballots, and no other marks appeared on said ballots to further indicate the intention of the voters. If they had desired to vote for another person after erasing the name of the plaintiff, the statute clearly prescribes how that intention may be expressed: either by writing the name of the person for whom the elector desires to vote in the space under the name erased, or by placing a cross in the appropriate space opposite the name of a candidate for the same office in another column. Neither method was pursued in marking the twelve ballots in question, and in the face of the positive command of the statute, prescribing the manner in which the intention of the voter shall be expressed, it was error to count them for the defendant. They should not have been counted either for the plaintiff or defendant.

As to the two ballots in question, no attempt was made by the voters to express their intention by any of the methods prescribed by statute, and it would be a violent presumption for us to assume that they intended to vote for any particular candidate on the ticket. These two ballots are void, and should not have been counted or considered by the judges of election.

It is alleged in the petition, and for the purposes of the demurrer admitted to be true, that the fourteen votes in question were counted for the defendant. These votes should not have been counted for either candidate, but should be deducted from the total number of votes alleged to have been received by the defendant, Hamilton. This deduction would give the plaintiff, Turner, a majority of one vote.

For the reasons above stated, we are of the opinion that the petition states a cause of action, and the court erred in sustaining the demurrer. It is, therefore, unnecessary for us to consider the other ballots alleged in the petition to have been erroneously counted for the defendant. The judgment of the District Court of Natrona County is reversed and vacated, and the said court is directed to enter an order overruling the demurrer of the defendant to the original petition, and for such further proceedings as may be proper.                    *Reversed and remanded.*

POTTER, C. J., and BEARD, J., concur.