[File No. 6314.]

JAMES SOULES, Respondent, v. ALEX G. WOLF, Appellant.

(256 N. W. 757.)

Opinion filed October 19, 1934.

*J. P. Cain* and *Durward E. Balch,* for appellant.

*M. L. McBride (George F. Shafer,* on oral argument), for respondent.

PER CURIAM. This is an appeal from a judgment of the district court of Stark county in a contest proceeding involving the nomination of a candidate for the office of county commissioner in that county at the primary election held June 27, 1934. The County Canvassing Board found the contestee, Alex G. Wolf, to be such nominee. The contestant, Soules, thereupon served what is denominated a notice of contest and "an affidavit for recount" and an order of the court ordering that the ballots be produced at the time and place fixed in such order. At the time and place fixed in the order of the court the parties appeared in person and by counsel. The contestee filed objection to the court's jurisdiction and to the hearing of the contest, the basis of the objection being that there was no proper affidavit for recount, and no proper affidavit for contest; that the affidavit was not served and filed within the time prescribed by law and that no bond or security for costs had been served or filed. The trial court reserved its ruling on the objection. The ballots were produced and the court appointed two persons to act as tellers. The ballots were introduced in evidence. Thereupon contestant's counsel made the following motion:

"If the Court please, the Contestant believes that he has made a sufficient examination of the ballots to substantiate the statements set out in his preliminary affidavit, and we now ask a couple of days' time to prepare the additional affidavit set out in the statute to set out the facts to support the contest and prepare affidavit and notice to serve upon the defendant or contestee. In other words, we abandon the other precincts."

When the hearing was resumed, some two days later, apparently a new and amended notice or affidavit of contest had been filed to which the contestee filed certain further objections on the ground, among others, that no proper affidavit or notice of contest had been served upon the contestee Wolf; that the papers originally served did not allege or

show that the contestant was a citizen of the United States or an elector of the state of North Dakota; that under the statute the contest must be commenced within ten days after the completion of the canvass; that it nowhere appears that the purported proceeding was instituted within ten days after the completion of the canvass of the votes. Shortly thereafter the trial court overruled the objections originally filed as well as the additional objections filed to the amended or new notice or affidavit of contest. One of the persons who had been appointed teller was sworn and testified. The contestant also was sworn and testified. Thereafter the trial court made findings in favor of the contestant Soules and the contestee Wolf has appealed. The contest was initiated under § 881, Comp. Laws 1913, which reads as follows:

"Any candidate at a primary election desiring to contest the nomination of another candidate or candidates for the same office, may proceed by affidavit within ten days after the completion of the canvass. In case the contestant shall set forth in his affidavit, upon information and belief, that the ballots in any precinct have not been correctly counted, and that he has been prejudiced thereby, the judge shall make an order requiring the custodian of such ballots to appear before him at such time and place, and abide the further order of the court. At the time and place stated, the ballot boxes shall be opened and the ballots recounted in the presence of the court. If it should be found that a mistake has been made in counting such ballots, then the contestant shall be permitted upon application, to amend his affidavit of contest by including such additional facts therein.

"All testimony and depositions taken in contests brought under the provisions of this article shall be taken in the same manner as in civil actions and depositions may be taken in more than one place at the same time on leave of the court, and all matters relating to such contests shall be heard and tried as nearly as may be as civil actions are tried, except as otherwise provided herein. The court shall make its findings of fact and conclusions of law. Appeals from final judgment and decisions of such contests may be taken without making a motion for a new trial in the district court in the manner provided for in the code of civil procedure, except that the undertaking on appeal shall be in a sum to be fixed by the judge, not less than five hundred

dollars, and shall be approved by the judge and by the clerk of the district court of the proper county or subdivision under the directions of the judge.

"Appeals to the supreme court under the provisions of this article must be taken within ten days after notice of entry of final judgment and the party appealing must immediately procure the transmission of the record on such appeal to the clerk of the supreme court and such appeal may be brought on for hearing before the supreme court at any time such court shall be in session, upon five days' notice from either party; and the same shall be heard and determined in a summary manner, except as otherwise provided in this article. The provisions of the code of civil procedure are applicable to and constitute the rules of practice in the proceedings mentioned in this article and the provisions of the civil code of procedure relative to appeals in civil actions, except in so far as they are inconsistent herewith apply to the proceedings mentioned in this article."

The papers first served by the contestant consisted of what is denominated a notice of contest, which recites that he "has elected and has brought an action to contest the election for county commissioner for the second district of Stark County" and that he has filed with the judge of the district court his affidavit stating that the ballots in certain precincts were not correctly counted; that the court has set the 14th day of July, 1934, as the time for the appearance of the contestant and contestee "at which time the ballots cast in all the precincts in the second commissioner's district will be counted before the court." The affidavit to which reference was made is to the effect that the affiant was a candidate for the nomination for county commissioner at the primary election and that "your affiant is informed and believes and therefore states on such information and belief that the ballots in the aforementioned precincts were not correctly counted and that he has been prejudiced thereby."

There are no averments in the so-called "notice of contest," or in the affidavit, that the contestant is an elector of the state of North Dakota or of the second commissioner district in Stark County. Nor are there any allegations or averments to the effect that he was in fact nominated for the office of county commissioner of the second commissioner district. In short, the papers served are wholly devoid of a state-

ment of any ground for contest. The only averment in the affidavit is one for an order of the court for a recount of the ballots, in support of some specified ground for contest. Olesen v. Hoge, 23 N. D. 648, 137 N. W. 826. For aught that appears in what is denominated the "notice of contest" or in the affidavit for a recount, the proposed proceeding will be wholly an idle one; for even though everything set forth in the affidavit and the notice is given full effect and accepted as true it would not follow that the contestant would be the nominee. If at the time of the hearing the contestee had appeared in the district court and stated: "I admit all the matters set forth in the affidavit and notice, including the matters stated on information and belief;" and the trial court had made findings of fact accordingly, such findings clearly would not have justified a judgment declaring the contestant to be the nominee.

Apparently the respondent does not deny that the papers originally served were defective and failed to state a cause or ground for contest; but it is claimed they were sufficient to give the court jurisdiction to authorize the service and filing of an amended notice. But leave to serve and file such amended notice was not asked until after the expiration of the time within which the statute required the contest to be initiated. The proposed amendment therefore was in effect an application to serve for the first time a notice or affidavit of contest. The amended notice in effect presented a new cause or ground for contest after the time for initiating a contest had expired, and this may not be done. Batterton v. Fuller, 6 S. D. 257, 60 N. W. 1071; Gillespie v. Dion, 18 Mont. 183, 44 P. 954, 33 L.R.A. 703; Turner v. Hamilton, 13 Wyo. 408, 80 P. 664; Moore v. Childers, 186 Ark. 563, 54 S. W. (2d) 409; Humphries v. McAuley, 205 Ind. 469, 187 N. E. 262; Hill v. Williams, 165 Ark. 421, 264 S. W. 964; Gower v. Johnson, 173 Ark. 120, 292 S. W. 382.

It is evident from the procedure laid down that an election contest under § 881, supra, is a special proceeding and meant to be of a summary nature. This being so the jurisdictional facts must appear on the face of the proceedings. Sutherland, Stat. Constr. § 391.

In Walton v. Olson, 40 N. D. 571, 170 N. W. 107, this court, applying and construing § 881, Comp. Laws 1913, in a contest brought under the provisions of that section, said:

"It should be remembered that an election contest is a statutory proceeding, the purpose of which is to furnish a summary remedy and to secure a speedy trial. 15 Cyc. 399. The universal policy of laws providing for election contests is 'to compel prompt action in hearing and disposing of contested elections, and statutory provisions requiring notice of contest to be given within a certain time from the date of the official count, or from the declaration of the result, or the issuing of the certificate of election or the like,' are generally considered mandatory and jurisdictional. 15 Cyc. 399, 400; 9 R. C. L. 1169, § 157. It is suggested by contestants that the provision requiring a contest to be instituted within a certain time is in effect a statute of limitations, and hence must be asserted by answer, and if not so asserted will be deemed waived. The principle contended for has no application to a right of action created by statute. Ordinary statutes of limitations affect the remedy, and not the right of action. The statute before us created both the right and the remedy. And the institution of the proceeding within the time provided is an essential element of the right to maintain the proceeding at all. 25 Cyc. 1398. As was said by the Supreme Court of the United States (Walsh v. Mayer, 111 U. S. 31, 37, 4 S. Ct. 260, 28 L. ed. 338, 340): 'The provision requiring it to be asserted in a particular mode and within a fixed time are conditions and qualifications attached to the right itself, and do not form part of the law of the remedy. If it is not asserted within the permitted period, it ceases to exist and cannot be claimed or enforced in any form.'

"We have no hesitancy in holding that the contest must be instituted within ten days after the completion of the canvass within the meaning of that term as used in the statute, and that failure to institute the contest within that time is fatal to the right to institute a contest at all."

In Batterton v. Fuller, 6 S. D. 257, 60 N. W. 1071, supra, the Supreme Court of South Dakota had occasion to consider an amendment of a notice of contest. In that case it was alleged in the notice of contest that plaintiff and defendant were opposing candidates for the office of county judge; that defendant had received a majority of the votes cast for that office, but that he was ineligible to hold the office. It apparently was contestant's theory that, defendant being ineligible to hold the office, plaintiff was entitled to the office notwithstanding the

fact that he did not receive a majority of the votes cast. After the time allowed by law for filing a contest had expired, plaintiff amended his notice of contest by adding an allegation that, at the time of the election and at the time of filing the contest, he was the duly appointed, qualified, and acting county judge. This was on the apparent theory that, the defendant being ineligible to hold that office, plaintiff was entitled to hold over by virtue of his appointment. It was held that this amendment presented a new cause of action and amounted to an entirely new contest which was barred by the statute.

In the opinion in that case the court said:

"The notice of contest served is a jurisdictional paper. It constitutes, in effect, the summons and complaint in the action. It is the only process or pleading to be served or filed on the part of the plaintiff. This notice, if sufficient, is required to be answered by the defendant, section 1490. The notice, being a jurisdictional paper, must be sufficient upon its face to give the court jurisdiction. The facts stated must not only be sufficient, but the notice must be signed by the proper party, or served by authority of the court or judge; and this must appear upon the notice itself, otherwise it is not effectual as a notice of contest, and gives the court no jurisdiction."

"We think the amendment to the notice of contest was erroneously allowed. As before stated, the plaintiff, in his original notice, made no allegation as to his appointment to the office of county judge by the governor, and made no claim of a right to the office by reason of his incumbency of the office or otherwise. The amendment therefore clearly presented a new cause of action. Had this amended notice of contest been proposed within the 20 days after the canvass of the election returns, it could properly have been allowed, as the plaintiff could then have dismissed his contest, and commenced a new proceeding. But his motion for leave to file his proposed amendment was not made until about 40 days after the canvass was concluded. He could not, at that time, have instituted new proceedings, yet under the form of an amendment he virtually instituted a new contest."

"It will . . . be seen that the amendment presented an entirely new contest, based upon entirely different grounds, except as to the ineligibility of the defendant. It presents entirely a new cause of action, which, if not allowed by way of amendment, could not have been

presented, as it was barred under the statute. Anderson v. Mayers, 50 Cal. 525. In the original notice of contest the only relief prayed for was that the defendant be adjudged ineligible to hold the office, and enjoined from discharging the duties of the same. In the amended notice the plaintiff claimed that he was entitled to the office, and demanded that he be adjudged entitled to the same. The theory and design of the statute in contest proceedings is to afford a speedy, and to some extent a summary, proceeding for settling disputed election contests, and hence the time within which the proceedings must be instituted is limited to 20 days after the result of the canvass is known. Bowler v. Eisenhood, 1 S. D. 577, 48 N. W. 136, 12 L.R.A. 705. A party within that time must determine upon what grounds he will rely, and he cannot be permitted, by amendments made subsequent to the expiration of the 20 days, to entirely change his proceedings, and claim the office himself, which he failed to do in his original notice, and place his claim upon new and distinct grounds, not set out in his original notice. We do not wish to be understood as holding that amendments which do not essentially change the grounds of the contest may not properly be made at any time when justice requires such amendments, but an amendment so radical as to virtually constitute a new contest cannot be permitted after the time limited for instituting the proceedings has expired."

In Gillespie v. Dion, 18 Mont. 183, 44 P. 954, 33 L.R.A. 703, supra, the Supreme Court of Montana had occasion to consider an amendment of a notice of contest. The contest there was initiated under a statute authorizing an elector to contest an election. The affidavit or notice of contest failed to show that the contestant was an elector. After the time for initiating contests had expired permission was granted to amend the notice of contest so as to show that the contestant was an elector. The Supreme Court of Montana held that such amendment might not be made. The court said:

"The Supreme Court of California, in Dorsey v. Barry, 24 Cal. 449, held that election contests, under statutes analogous to those of Montana, were special proceedings, distinct in form and substantially, different from the common-law remedy. Bliss, Code Pl. § 1, note, classes 'election contests' as special proceedings. So does Works, Courts and Their Jurisdiction, p. 467. In Schwarz v. Garfield County Ct. 14

Colo. 44, 23 P. 84, the court said: 'The proceedings upon an election contest before the county judge, under the statute, are special and summary in their nature; and it is a general rule that a strict observance of the statute, so far as regards the steps necessary to give jurisdiction, must be required in such cases.' The proceeding, therefore, being special, the rule is that the jurisdictional facts must appear on the face of the proceedings. Sutherland, Stat. Constr. § 391, and authorities cited."

"This omission to aver on the face of the record that contestant was or is an elector (whether in the body of the statement or in the affidavit is, perhaps, immaterial) is therefore fatal; and the court never having acquired jurisdiction by the first purported statement, filed within ten days after Dion was declared elected, no amendment offered or made after the ten days had elapsed could give it power to act. The paper filed was not one to which Dion was obliged to give attention at all, and the statute requiring the statement to be filed within ten days from the date of the declaration of the election of Dion being peremptory, the time cannot be enlarged by the court."

"We are of the opinion, too, that the contestant's original statement was not one specifying the grounds of contest as contemplated by the statute, and that it was insufficient to grant contestant any relief. It did not state that contestant was a candidate for the office of county treasurer. There was no averment that any ballots were unlawfully marked, or improperly or unlawfully counted. It did not set forth what the nature of the mistakes alleged to have occurred were, *or whether or not such mistakes directly affected the result.* It did not state the number of votes given for either of the candidates at Glendive or any other precincts in the county, or plead any excuse for not making such statement; nor did it state, or attempt to state, that any electors were prevented from casting their ballots by fraud or other misconduct. *'If contestor does not show that, by reason of the illegal casting or rejection of votes, the result is different from what it would otherwise have been, the contest proceeding should not be entertained.'* Todd v. Stewart, 14 Colo. 286, 23 P. 426; Paine, Elections, § 825; Smith v. Harris, 18 Colo. 274, 32 P. 616. The mere belief of the contestant that, if the votes were recounted, it would result in showing a majority for him, does not supply the radical omissions in the

statement of contest. He should have particularized the facts upon which he draws his conclusion, to the end that the court may see that, if his specifications of grounds are true, he should be granted relief. In a recent case in Oregon (Whitney v. Blackburn, 17 Or. 564, 21 P. 874, 11 Am. St. Rep. 857), the court said of a notice and statement in an election contest as follows: 'From the facts as set forth, it is manifest that they are not even reasonably or otherwise specific and certain, and that no one could be prepared to meet charges preferred in such a general way, or, if any irregularity or illegality in fact did lie concealed behind them, to avoid being taken by surprise. The wording of the notice indicates, as was asserted at the argument, that the plaintiff did not know of a single error or illegal vote cast, but stated the facts broadly and generally, because he was unable to point out, or to be reasonably specific and certain as to any count in his notice, or as to any irregularity or illegality of whatever kind, upon which to rely, or other facts to sustain his claim. . . . While it is the duty of courts to disregard mere technical rules or defects, and to liberally construe the law, that the rights of the people may be preserved, and that no protection may be afforded to fraud, yet he who undertakes to contest the right of another to an office to which he has been declared to be elected, by a tribunal chosen by the people, ought to have some well-defined "cause," and to be able to state it with sufficient certainty as to notify or inform the other party of the substance of the facts upon which he relies to defeat his title, and to authorize the court to make the inquiry.' Doubtless, amendments may be made to a statement sufficiently good to enable the proceeding to be considered, provided such amendments do not essentially change the grounds of the contest, or set forth grounds where none were originally stated; but, where the amendments are so radical as to virtually initiate a contest where really no grounds at all had been specified in the original statement, we are inclined to hold they ought not to be permitted after the ten days allowed by law for commencing proceedings have expired."

Much of what was said by the Supreme Court of Montana in Gillespie v. Dion, 18 Mont. 183, 44 P. 954, 33 L.R.A. 703, supra, is directly applicable here. In the instant case the papers served by the contestant fail to show that he had the legal qualifications for the office in question. They also fail to show the existence of any ground for

contest. In short, they fail to show that the result declared by the canvassing board was incorrect and that any change could or would be effected by the alleged contest or proceedings for a recount. It is true the affidavit states that the contestant "is informed and believes and therefore states on such information and belief that the ballots in the aforementioned precincts were not correctly counted and that he has been prejudiced thereby;" but this is not a ground for contest; and in view of what contestant's counsel stated upon the trial when he asked for leave to file an additional affidavit it apparently was not intended as such. This statement would be the basis for an order directing a recount, the results of which recount might be made available as proof in support of some ground of contest which had been duly alleged; but the recount could be had only when a sufficient foundation for the proceeding had been laid by a proper statement or allegation of a ground for contest. The statement by the contestant last quoted fell far short of being an allegation that the votes in the precincts named, if correctly counted, would have resulted in the nomination of the contestant. Nowhere is there a statement, either directly or indirectly, that the contestant was in fact nominated and that the finding of the Board of Canvassers to the contrary was incorrect.

Not only were the original papers defective in this respect but the proofs adduced by the contestant, after the amended notice of contest or affidavit had been filed, failed to establish that the contestant was an elector of the second commissioner district and, hence, a qualified candidate for that position. As has been said, the contestant testified. But his testimony does not disclose that he was an elector of the second county commissioner district in Stark county. The judgment appealed from is reversed and the contest is ordered dismissed.

BURR, Ch. J., and MOELLRING, NUESSLE, BURKE and CHRISTIANSON, JJ., concur.