203 N.W.2d 423 (1972)
C. G. KEE, Plaintiff and Respondent,
v.
Earl H. REDLIN, Defendant and Appellant.
Civ. No. 8851.
Supreme Court of North Dakota.
December 19, 1972.
Rehearing Denied January 26, 1973.
*424 Kenneth M. Moran, Jamestown, for plaintiff and respondent.
Pearce, Anderson, Schmidt, Pearce, Thames & Pearce, Bismarck, for defendant and appellant.
TEIGEN, Judge.
The defendant, Earl H. Redlin (hereinafter contestee), has appealed from a judgment in an election contest whereby the contestee was deprived of his nomination at the 1972 primary election for the office of North Dakota State Senator from Dickey and Sargent Counties, North Dakota.
The plaintiff, C. G. Kee (hereinafter contestant), who was defeated for nomination as a candidate for the office of State Senator from Dickey and Sargent Counties, instituted this suit by the service upon the contestee of a summons and complaint, a notice of election contest, and an affidavit in support of his notice of election contest. Seven days later the contestant obtained from the district court an order to show cause directing the contestee to show cause why he should not be deprived of his nomination. The order to show cause was brought on for hearing by the service of a notice of motion. The contestee responded by serving upon the contestant his affidavit in answer to the notice of election contest, followed by contestee's return to the order to show cause. Thereafter, on the day set in the notice of motion for hearing the order to show cause, the matter came on for trial. On the day following the opening of the trial the contestee served *425 upon the contestant his answer to the summons and complaint. The trial on the order to show cause proceeded regularly for one day and then was recessed for a period of twelve days for the accommodation of counsel and the court's schedule. Upon conclusion of the trial after the recess, the judge issued his decision from the bench wherein he determined the facts adduced were sufficient to issue an order for judgment decreeing that the contestee was guilty of illegal acts and violation of the Corrupt Practices Act, and directed that he be punished by being deprived of his nomination for the office of North Dakota State Senator from Dickey and Sargent Counties at the November 1972 general election. Two days later, on October 16, 1972, the trial court executed findings of fact, conclusions of law and order for judgment in which it directed that judgment be entered depriving the contestee of said nomination, and judgment was entered thereon. Following the service of the notice of entry of judgment the contestee took this appeal from the judgment. The trial court refused to issue a stay of execution of the judgment and, upon application of the contestee, this court entered a stay pending the appeal and review thereof and ordered that the appeal be heard before this court on October 24, 1972.
The contestee served and filed eighteen specifications of error. These specifications were consolidated into seven issues for the purpose of argument.
The first issue questions the jurisdiction of the trial court over the subject matter. The contestant in his pleadings does not claim the nomination for himself nor did he obtain the endorsed approval of the attorney general or of a judge of the Burleigh County District Court as provided under Section 16-15-01.1, N.D.C.C., nor did he obtain the endorsement of approval from the state's attorney or a judge of the district court as provided by Section 16-15-03, N.D.C.C., if either of these sections is applicable.
The two sections referred to are a part of Chapter 16-15 of the North Dakota Century Code pertaining to contests of general elections as contrasted with primary elections. A separate chapterChapter 16-04, N.D.C.C.contains provisions governing contests of nominations of candidates in a primary election. The law providing for primary elections, containing the provisions for a contest of a primary election, was first enacted as Chapter 109 of the Session Laws of 1907. Section 31 of the chapter provided for contests; Section 17 made a number of sections of Chapter 8 of the Political Code of 1905 entitled "Elections" a part of the primary election laws by reference; and Section 32 provided that the provisions of the statutes then in force in relation to elections were applicable to all primaries insofar as they were consistent with the primary election law.
Section 31 of Chapter 109 of the 1907 Session Laws has been carried into the various codes that have been adopted by this state since its enactment and presently exists, in almost the same form, as Sections 16-04-30, 16-04-31, 16-04-32 and 16-04-33 of the North Dakota Century Code.
Section 17 of the 1907 primary election law specifically incorporated as a part thereof Section 690 of Chapter 8 of the Political Code of 1905. This section is still carried in substantially the same form as Section 16-15-03 of the North Dakota Century Code. Chapter 16-15 pertains to contesting state or county elections. Section 16-15-03 provides that when a contest is brought by a person other than one claiming the office on his own motion that such contest cannot be brought unless the notice of contest is endorsed with the approval of the state's attorney or, in case of his absence or refusal, with the approval of the judge of the district court. In addition to this requirement for the contesting of a county election, the legislature, in 1963, by Section 1 of Chapter 184, Session Laws of 1963, enacted Section 16-15-01.1, N.D.C.C., which provides for a contest to challenge *426 the validity of a statewide election or the right of any person to hold state office. It requires that a proceeding for this purpose, brought by one other than a person claiming the right to hold the office, must carry an endorsement of approval by the attorney general or, in case of his absence or refusal, the approval of a judge of the Burleigh County District Court.
It is the contention of the contestee that the court is without jurisdiction of the subject matter because the contestant did not claim the nomination for State Senator for himself nor did he obtain the endorsed approval of one of the officers described in Section 16-15-01.1 or Section 16-15-03, N.D.C.C. This argument is premised on the basis that either Section 16-15-01.1 or Section 16-15-03, N.D.C.C., is still a part of Chapter 16-04 providing for contests in primary elections by virtue of the fact that they were incorporated by reference at the time of the enactment of the primary election law in 1907.
The problem with this argument is that Sections 17 and 32 of the 1907 Act and their counterparts carried into subsequent codes were omitted from the Revised Code of 1943, and also from the enactment of the Century Code in 1963. Section 17 of Chapter 109 of the Session Laws of 1907 became Section 867 of the Compiled Laws of 1913. Reference to the reviser's notes discloses the reason for omitting this section from the North Dakota Revised Code of 1943:
"* * * s. 867, providing and listing the sections of the General Election Law that are applicable to the Primary Election Law is omitted, as by the revision of this present title, such sections are made applicable to the primary election;"
In respect to Section 32 of Chapter 109 of the Session Laws of 1907, this section became Section 882 of the Compiled Laws of 1913. It was also omitted from the Revised Code of 1943. With respect to that section the reviser's notes state:
"* * * s. 882, providing that present election laws in effect now (general election laws) shall be applicable to primary elections, is omitted as surplusage as the revision of this title has made such provisions applicable to primary as well as general elections;"
The parallel tables contained in the Century Code are to the same effect.
The legislature, in enacting the Century Code in 1963, also omitted these sections and we find no provision in the Century Code providing that the general election statutes on contests are made applicable to contests in primary elections. The legislature, however, incorporated into the Century Code Section 1-02-19, N.D.C.C., which provides:
"No statute, law, or rule is continued in force because it is consistent with the provisions of this code on the same subject, but in all cases provided for by this code all statutes, laws, and rules heretofore in force in the state, whether consistent or not with the provisions of this code, unless expressly continued in force by it, are all repealed and abrogated. This repeal or abrogation does not revive any former law heretofore repealed, nor does it affect any right already existing or accrued or any action or proceeding already taken, except as in this code provided, nor does it affect any private or local statute not expressly repealed, nor any outstanding appropriation."
By the provisions of Section 1-02-19, N.D.C.C., the omission of the above sections constituted a repeal of those sections. Higgins v. Hawks, 122 N.W.2d 129 (N.D.1963), was followed in Satrom v. City of Grand Forks, 150 N.W.2d 700 (N.D.1967). For these reasons we find that Sections 16-15-01.1 and 16-15-03, N.D.C.C., are not applicable to primary election contests and that insofar as this holding is in variance with In re Murray, 145 N.W.2d 899 (N.D. 1966), Murray is reversed. In re Murray, supra, decided in 1966, made Section 16-15-01.1, N.D.C.C., applicable to a contest of *427 nomination to the state office of judge of the supreme court on the no-party ballot and dismissed the contest on jurisdictional grounds because the contestant had not shown that he had a special interest or a legal right to contest the validity of the nomination. Unfortunately, no reference was made in that case to Section 16-04-30, N.D.C.C., which permits any candidate at such election to institute a contest of the nomination of another candidate for the same office. The contestant in Murray was a candidate in that primary election and therefore was eligible under Section 16-04-30, N.D.C.C., to initiate the contest proceeding.
Secondly, the contestee argues that the district court erred in proceeding to trial on an order to show cause and claims that, under the statute, he was denied the benefits of the procedural requirements and remedies available under the North Dakota Rules of Civil Procedure and Title 28 of the North Dakota Century Code. For this reason it is claimed that the judgment must be reversed. The contestee cites Section 16-04-31, N.D.C.C., which provides that all testimony and depositions taken in a primary election contest shall be taken in the same manner as in a civil action and that the matter shall be heard and tried, as nearly as may be, as civil actions are tried, except as otherwise provided in the chapter on primary elections. He also cites Section 16-04-33, N.D.C.C., which provides:
"The provisions of title 28, Judicial Procedure, Civil, are applicable to and constitute the rules of practice in an election contest under the provisions of this [primary election] chapter * * * except insofar as they are inconsistent with the provisions of this chapter."
The rules of practice, insofar as they may have been applicable here, as contained in Title 28 prior to the enactment of the Century Code, had been superseded by the North Dakota Rules of Civil Procedure promulgated by this court, effective July 1, 1957. Rule 12(a) of these rules provides that a defendant has twenty days in which to answer a complaint. The contestant points out that the trial, under the order to show cause, was held before twenty days had expired from the date of service of the summons and complaint and before the answer had been served; that after only seven days from the service of the summons and complaint the trial court issued its order to show cause under which a trial was commenced two days before the time for answer had expired. He argues that issue was not joined, that in fact no note of issue had been served or filed, and that, therefore, the contestee was denied his legal right to have full opportunity to prepare his defense and to undertake discovery proceedings. For this reason he argues that the proceeding itself, under the order to show cause, was a nullity and that the judgment is void.
We do not agree. It is true the contestee was served with a summons and complaint. He was, on the same day, served with a notice of election contest, supported by the contestant's affidavit setting forth all of the grounds alleged for the contest. Section 16-04-30, N.D.C.C., provides, in part:
"Within ten days after the completion of the canvass of a primary election, any candidate at such election may contest the nomination of another candidate or candidates for the same office by filing an affidavit with the district court."
The notice of contest, with affidavit attached, following its service upon the contestee, was filed with the district court, which then issued an order to show cause which was brought on for hearing on motion. The contestee thereupon served and filed his affidavit in answer to the notice of election contest and a return to the order to show cause, following which the matter came on for trial on the date scheduled in the notice of motion. We believe this was all that was required to give the court jurisdiction to hear the contest. The rules of practice contained in Title 28, Judicial Procedure, Civil, which have been superseded by the North Dakota Rules of Civil Procedure, *428 were omitted from the Century Code and, by the provisions of Section 1-02-19, N.D.C.C. (quoted above), were repealed and abrogated. Rule 81(a), N.D.R.Civ.P., provides:
"The statutory proceedings listed in Table A are excepted from these rules insofar as they are inconsistent or in conflict with the procedure and practice provided by these rules."
Table A lists Sections 16-04-30 to 16-04-33, N.D.C.C., as statutes pertaining to special proceedings which are excepted from these rules by Rule 81. Sections 16-04-30 to 16-04-33, N.D.C.C., pertain to primary election contests. Thus the Rules of Civil Procedure which superseded the practice sections of Title 28 are not applicable to the procedure to be followed in a primary election contest. We are therefore faced with the situation that the practice rules under Title 28, as they existed prior to the enactment of the Century Code, have been repealed by omission from the Century Code, and Section 16-04-30 to Section 16-04-33, N.D.C.C., pertain to a special proceeding which is specifically excepted from the Rules of Civil Procedure.
By enactment of Section 2 of Chapter 157 of the Session Laws of 1965 and Section 8 of Chapter 225 of the Session Laws of 1965, the legislative assembly moved the primary election date from the last Tuesday in June to the first Tuesday in September of every year in which a general election occurs, and thus have shortened the period of time which expires between the primary election and the general election, which is held on the first Tuesday after the first Monday in November of each even-numbered year. Section 16-06-01, N.D.C.C.
Thus the court's opinion in Walton v. Olson, 40 N.D. 571,170 N.W. 107 (1918), becomes even more meaningful than it was at the time of that decision. Syllabus 4 states, in part:
"The purpose of a statute providing for the contest of a nomination or an election is to furnish a summary remedy and to secure a speedy trial."
The court further states at page 581, 170 N.W. at page 110:
"The universal policy of laws providing for election contests is `to compel prompt action in hearing and disposing of contested elections, the statutory provisions requiring notice of contest to be given within a certain time from the date of the official count, or from the declaration of the result, or the issuing of the certificate of election or the like,' are generally considered mandatory and jurisdictional. * * * The statute before us [involving an election contest for nomination of Republican candidates for the House of Representatives] created both the right and the remedy."
In Soules v. Wolf, 65 N.D. 194, 198, 199, 256 N.W. 757, 760 (1934), this court, in considering an appeal from a judgment of the district court in a contest involving the nomination of a candidate for the office of county commissioner, said:
"It is evident from the procedure laid down that an election contest under section 881, supra, [presently Sections 16-04-30, 16-04-31, 16-04-32 and 16-04-33, N.D.C.C.] is a special proceeding and meant to be of a summary nature."
"The statute before us created both the right and the remedy."
In Syllabus 1 the court held:
"Section 881, C.L.1913, providing for the contest of a nomination, was enacted to furnish a summary remedy and to secure a speedy trial; * * *"
The statutes providing for contest of a nomination at a primary election effectively accomplish the objectives of furnishing a summary remedy and securing a speedy trial. Section 16-04-30, N.D.C.C., requires that a contest must be commenced within ten days after the completion of the canvass of votes and, under Section 16-04-32, *429 N.D.C.C., an appeal from the final judgment and decision of an election contest may be taken without making a motion for new trial and must be taken within ten days after the notice of entry of the final judgment. The party appealing must immediately procure the transmission of the record of such appeal to this court, and the appeal may be brought on for hearing at any time this court shall be in session upon five days' notice from either party and shall be heard and determined in a summary manner.
A civil action and a special proceeding are remedies (Section 32-01-01, N.D. C.C.), and a remedy is a measure employed to enforce a right or redress an injury. Rulon v. Hollihan, 67 N.D. 143, 270 N.W. 349 (1936).
A special proceeding is defined in Section 32-01-04, N.D.C.C., as any remedy other than an action. An action is an "ordinary proceeding." Section 32-01-02, N.D.C.C. In Dow v. Lillie, 26 N.D. 512, 144 N.W. 1082 (1914), this court said that under the terms of our statutes an ordinary proceeding is one known to the common law, and formerly conducted according to the proceedings of the common law courts, while a special proceeding is a remedy of statutory origin. See also, Hazelton-Moffit Special School Dist. No. 6 v. Ward, 107 N.W.2d 636 (N.D.1961). At common law there was no right to contest in a court any election. 26 Am.Jur.2d Elections, § 316.
Special proceedings in code states ordinarily embrace all civil remedies which are not ordinary actions. 1 Am.Jur.2d Actions, § 3; 1 C.J.S. Actions § 1 h (b)(7), p. 958.
"A contest of a primary election, in accordance with statutes providing therefor, is summary in character, and in form a special proceeding, unless the procedure prescribed is the same as in other civil cases. The statutes must be substantially complied with; the mode of contest and procedure as prescribed by the statutes is exclusive, and, unless otherwise provided by statute, it is not governed by the general provisions of the codes of procedure, except as to matters not covered by the primary statutes." 29 C.J.S. Elections § 120 b, p. 340.
"An election contest is purely a constitutional or statutory proceeding." 26 Am. Jur.2d Elections, § 316.
"They are not actions at law or suits in equity, and were unknown to the common law. The proceedings are special and summary in their nature." 26 Am.Jur.2d Elections, § 318.
"The compelling of prompt action in hearing and disposing of election contests, to the end that a decision may be reached before the term of office has wholly or in great part expired, seems to be the policy of the law." 26 Am.Jur.2d Elections, § 326.
"All that need be done in a notice of an election contest is to apprise the adversary of the grounds of the contest so that he may be given a fair opportunity to meet the asserted claims. Under some statutes a notice of contest is the foundation of the proceeding and serves the double office of both summons and complaint." 26 Am.Jur.2d Elections, § 332.
"Since election contests are not civil actions but special statutory proceedings, strict technical accuracy in pleading is not usually required, and liberal rules of pleading will be applied for the purpose of facilitating a speedy determination on the merits." 26 Am.Jur.2d Elections, § 336.
"An election contest is usually initiated by the filing of a complaint, a petition, or a notice of contest that serves the double office of summons and complaint." 26 Am.Jur.2d Elections, § 337.
"Matters pertaining to the answer in election contest proceedings are ordinarily covered by express provision of the governing statute. In some jurisdictions a contestee is not required to file an answer or otherwise plead, although he may *430 answer even where the statute does not provide therefor." 26 Am.Jur.2d Elections, § 339.
A clear expression of the distinction between a special proceeding and an ordinary proceeding is stated in Central Republic Bank & Trust Co. v. Caldwell, 58 F.2d 721, 731 (8th Cir. 1932), as follows:
"The main characteristic differences between a summary proceeding and a plenary suit are: The former is based upon a petition, and proceeds without formal pleadings; the latter proceeds upon formal pleadings. In the former, the necessary parties are cited in by order to show cause; in the latter, formal summons brings in the parties other than the plaintiff. In the former, short time notice of hearing is fixed by the court; in the latter, time for pleading and hearing is fixed by statute or rule of court. In the former, the hearing is quite generally upon affidavits; in the latter, examination of witnesses is the usual method. In the former, the hearing is sometimes ex parte; in the latter, a full hearing is had.
"It is apparent that the differences are largely procedural rather than substantive."
We find that the specifics of the contestee's argument that the North Dakota Rules of Civil Procedure grant a defendant a period of twenty days in which to serve his answer to the complaint, that the hearing was begun before the defendant had been allowed the full period for answering, and that no note of issue was filed twenty days before the commencement of the term of court, are not applicable to a primary election contest brought by a candidate for the same office under Chapter 16-04, N.D. C.C. The service of the summons and complaint was not required and constitutes surplusage.
The remaining five issues raised by the contestee and argued to this court pertain to alleged insufficiency of the evidence to sustain the trial court's findings that the contestee was guilty of corrupt practice and illegal acts under the election laws. The trial court found as follows:
"4. That Defendant was guilty of corrupt practices in that he or others at his behest did exercise undue influence on certain voters.
"5. That Defendant committed the following illegal acts: He assisted, aided and advised those he knew were not entitled to vote by absent voters ballot in said election; he was guilty of electioneering on election day; he violated Section 16-20-17.1, North Dakota Century Code, relative to disclaimers on a political advertisement; he acted as agent for absent voters while a candidate for an office to be voted on by said absent voters; and he wilfully made a false application provided for in Section 16-18-06, North Dakota Century Code."
On the basis of the above findings the trial court concluded that the contestant was entitled to judgment depriving the contestee of the nomination.
Section 16-20-22, N.D.C.C., of our Corrupt Practices Act provides:
"Upon the trial of an action or proceeding under the provisions of this chapter to contest the right of any person declared to be nominated or elected to any office, or to annul or set aside such election, or to remove any person from his office, if it shall appear that such person was guilty of any corrupt practice, illegal act, or undue influence in or about such nomination or election, he shall be punished by being deprived of the nomination or office, as the case may be. Such vacancy shall be filled in the manner provided by law."
Section 16-20-01, N.D.C.C., provides that a person who is guilty of undue influence is guilty of a corrupt practice.
Section 16-20-17.1, N.D.C.C., requires that every political advertisement shall disclose the name or names of the sponsors of *431 such advertisement and the name or names of the persons paying for the same.
Section 16-18-06, N.D.C.C., contains the application form for an absent voter's ballot and authorizes the proper official, upon receipt of an application for an absent voter's ballot, to deliver such ballot to the applicant's agent, which agent may not, at that time, be a candidate for any office to be voted upon by the absent voter, provided, however, that the agent deposit with the proper official authorization, in writing, from the applicant to receive such ballot.
Section 16-18-01, N.D.C.C., provides that any qualified elector of this state who is absent from the county in which he is an elector, or by reason of physical disability is unable to attend the polling place in his precinct, may vote an absent voter's ballot.
The scope of review of the findings of the trial court on an appeal to this court from a case tried without a jury is limited by Rule 52(a) of the North Dakota Rules of Civil Procedure, which provides in pertinent part:
"Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses * * *"
In applying this rule this court must give great weight to the findings made and the inferences drawn by the trial judge. The mere fact that we may have reached a different result does not justify us in setting the findings aside. We will do so only if we find, based on all the evidence, that the findings are clearly erroneous. 9 Wright & Miller, Federal Practice and Procedure, § 2585.
We have reviewed the evidence produced at the trial and conclude that we cannot hold that the findings of fact are "clearly erroneous".
The trial court had the benefit of viewing and hearing the witnesses as the evidence was produced and was in a much better position to determine the facts than we are on the basis of the cold record and, applying the clearly erroneous rule, we cannot say that the evidence was insufficient to sustain the findings of the trial court.
In compliance with the requirement of Section 16-04-32, N.D.C.C., providing for an appeal from the final judgment of an election contest, that such an appeal shall be heard and determined in a summary manner, we issued a minute order on October 30, 1972, affirming the judgment of the district court with opinion to follow. We hereby reaffirm our minute order decision with this opinion.
STRUTZ, C. J., KNUDSON, J., and A. C. BAKKEN, District Judge, concur.
RALPH J. ERICKSTAD and WM. L. PAULSON, Associate Justices, deeming themselves disqualified did not participate; RALPH B. MAXWELL and A. C. BAKKEN, District Judges of the First Judicial District, sitting in their stead.
RALPH B. MAXWELL, District Judge (dissenting).
I regret the need to express views that contrast with those found in the majority opinion. However, I am unable to relinquish certain doubts that arose upon my very first exposure to this case. It struck me as singular indeed that an order to show cause could serve to either initiate a plenary inquiry into the ultimate issues of the case or to support a final judgment upon the merits. An order to show cause is merely a quick way of bringing a motion on for hearing. Schillerstrom v. Schillerstrom, 75 N.D. 667, 32 N.W.2d 106, 2 A.L.R.2d 271 (1948). To hold trial upon numerous charges of criminal conduct and impose the penalty incident to findings of guilt, all upon a motion, seemed an overreach of the Court's authority.
*432 Study and reflection have only confirmed my initial impression that the attenuated procedures used by the trial court were improper and void.
It is freely conceded here that appellant enjoyed none of the procedural rights that are normally a litigant's due under the Rules of Civil Procedure. According to the majority opinion the Civil Rules do not apply to primary election contests. The opinion states "Section 16-04-30 to Section 16-04-33 N.D.C.C., pertain to a special proceeding which is specifically excepted from the Rules of Civil Procedure." With this I disagree.
The conclusion of the majority that the Civil Rules do not apply is primarily based upon the text of Table A of the Rules which reads:
"Following is a list of statutes pertaining to special proceedings which are excepted from these rules insofar as they are inconsistent or in conflict with the procedure and practice provided by these rules:... 16-0430 to 16-0433 Contesting Nomination of Candidate...." (Emphasis mine)
This says something far different to me than it apparently says to the majority. It appears plain to me from the italicized language that the intent was not, as the majority opinion states, to absolutely eliminate the Civil Rules from primary election contests. If that had been the purpose, the phrase "insofar as they are inconsistent or in conflict with ... these rules" would never have been added. Can this language mean anything other than that the rules do control primary election contests, yielding their force only to the degree they conflict with the election statute? The interpretation of the majority of this court simply ignores both the existence and intended effect of the italicized qualifying phrase.
Consequences of this interpretation will unfortunately reach far beyond this case. It means that all proceedings listed in Table A are henceforth shorn of the benefits of the Rules of Civil Procedure. For example, litigants have heretofore enjoyed without question pre-trial discovery in contested adoption, illegitimacy, eminent domain, partition of real property, quiet title, and mortgage foreclosure proceedings. Not so in the future. They are all special proceedings, which the majority says are "specifically excepted from the Rules of Civil Procedure." No method exists for use of the tools of discovery in those cases apart from the Civil Rules.
There is an additional basis for the position of the majority that the Civil Rules do not control election contests. The majority asserts that such contests are summary proceedings; that summary remedies are by nature exempt from customary rules of procedure; that therefore, even without the language of Table A, the Civil Rules would not regulate primary election contests.
It may well be that such contests are summary in nature. I will not belabor that point.[1] But summary or not, that statutory remedy is certainly not free of the procedural requirements set out in the statute itself. Here, Sec. 16-04-33 explicitly requires that in primary election contests the trial court shall be governed by conventional rules of practice. It reads:
"The provisions of title 28,[2] Judicial Procedure, Civil, are applicable to and constitute the rules of procedure in an election contest under the provisions of this *433 chapter ... except insofar as they are inconsistent with the provisions of this chapter."
Completely nullified by the majority ruling are the conspicuous dictates of that section of law. The majority decision in effect asserts that inasmuch as an election contest is a summary proceeding, even those procedural rules prescribed in the contest law itself are inapplicable. That is neither good logic nor good law. When the course is set by law, it must be followed, whether it concerns a summary remedy or not.
"A contest of a primary election, in accordance with statutes providing therefor, is summary in character, and in form a special proceeding, unless the procedure prescribed is the same as in other civil cases. The statutes must be substantially complied with; the mode of contest and procedure as prescribed by the statutes is exclusive. ..." (Emphasis mine)
29 C.J.S. Elections § 120b, p. 340
Here the statute (except for the manner of initiating the contest) specifically requires use of the same procedures that regulate other civil cases. Sec. 16-04-03 has not been repealed. It is not clouded by ambiguity. Its provisions should therefore have been complied with by the trial court.
If I am correct that the Civil Rules do apply to primary election contests in all particulars where they do not conflict with a specific statute, then the judgment here could never stand. Measured by Civil Rules standards, the perfunctory proceedings of the trial court were grossly irregular.
Even apart from the Rules of Civil Procedure, I do not believe the lower court action merits vindication by this court. The case was heard and tried on a motion in distinct violation of the statutory directive requiring election contests to be tried as civil actions are tried.
"All matters relating to such contests shall be heard and tried, as nearly as may be, as civil actions are tried...."
Sec. 16-04-31 NDCC
The trial of a case and entry of judgment on motion is certainly a most novel and extraordinary proceeding. There is no statutory authority for it. Neither is it supported by precedent. It was strictly an improvisation of the trial court.
"Generally, a motion is appropriate only in the absence of remedies by regular pleadings, and is not available to settle important questions of law, or to dispose of the merits of the case." (Emphasis added)
56 Am.Jur.2d Motions, Rules and Orders Sec. 4.
Courts have inherent limitations on their authority to grant summary relief, and should scrupulously observe those limits. Specific authority must exist for unusual or foreshortened methods of resolving legal issues.
"The power to bring a citizen before the court summarily and otherwise than in accordance with the duly prescribed procedure is somewhat arbitrary in character and one which should be used sparingly and only when its use is clearly authorized." (Emphasis added)
83 C.J.S. Summary Proceedings § 4
With no statutory support whatsoever, this lawsuit was peremptorily heard, the issues decided and judgment entered upon a motion. I could never endorse so radical a departure from traditional practice without unmistakably clear and specific legislative authority.
NOTES
[1] The statute does explicitly make appeal procedures summary.

"Such appeal shall be heard and determined in a summary manner." Sec. 16-04-32 NDCC.
Nothing is said about the trial court proceedings being of summary nature, however.
[2] The Rules of Civil Procedure have been substituted for Title 28 practice rules by virtue of Rule 81 (c).